## PABLO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 25, 1917.)

No. 2873.

1. WITNESSES 78—CONVICTION OF FELONY—PARDON—EVIDENCE.

Where, on objection to the competency of a witness on the ground that he had been convicted of a felony, the United States attorney presented to the judge a telegram, which he stated pardoned the witness and restored him to citizenship, whereupon defendant's counsel stated that they could not question the telegram, but objected to its receipt as evidence until the pardon itself was produced, defendant's rights were not violated by the court's ruling that the witness was competent to testify; the telegram having contained matter which was accepted by the court as notice that the witness was pardoned.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 195–200.]

2. CRIMINAL LAW 400(11)—BEST AND SECONDARY EVIDENCE—LABELS.

On a trial for introducing liquor into an Indian reservation, a reservation policeman, who had followed the movements of a party, of which defendant was one, testified that he picked up parts of bottles and could tell that there were labels on them. Defendant objected, on the ground that the witness could not testify to the labels. The objection was overruled, and the witness testified that the bottle was a flask, and had a label on it which had not been broken off; that he did not notice what make it was, but that it was a whisky bottle, and that "whisky" was written on the label. Held, that there was no error, as this testimony was a part of the general description of the bottles and pieces found, especially where another witness testified without objection as to the labels on the pieces of broken bottles.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 879–886.]

3. CRIMINAL LAW 1170½(1)—WITNESSES 388(10)—IMPEACHMENT—LAYING FOUNDATION—CERTAINTY—PREJUDICE.

Where a witness testified that he saw defendant about the 5th or 6th of September, or somewhere along there, the admission of his testimony as to his conversation with defendant, over the objection that it was not proper impeachment, was within the discretion of the trial court, and not erroneous, in the absence of prejudice.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3129; Witnesses, Cent. Dig. § 1242.]

In Error to the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Joseph Pablo was convicted of introducing liquor into an Indian reservation, and he appeals. Affirmed.

Albert Besancon, of Missoula, Mont., and John P. Swee, of Ronan, Mont., for plaintiff in error.

B. K. Wheeler, U. S. Atty., of Butte, Mont., Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont., and James H. Baldwin, Asst. U. S. Atty., of Butte, Mont.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HUNT, Circuit Judge. Joseph Pablo, plaintiff in error, was indicted in three counts for having at different times introduced liquor into the Flathead Indian reservation in Montana. He was tried and acquitted under two counts, but convicted under the third; and by writ of error asks review in this court.

The first point made is that the court erred in allowing a witness to testify over the objection of defendant's counsel, who stated that Hunter was incompetent to testify, having been convicted and sentenced for a felony, which was not specified in the objection. It does not appear that any record of conviction accompanied the objection. Nevertheless, immediately after objection, the United States attorney stated to the court that he had "a telegram pardoning the witness and restoring him to citizenship." The contents of the telegram are not incorporated in the record, but it is shown that the telegram was produced and read by the judge. Counsel for defendant stated that they could not question the telegram, but they did object to its being received as evidence "until the pardon itself was produced." The court held that the telegram was a satisfactory showing of executive action and pardon, and added that if there was any mistake it would be cause for setting aside verdict or judgment should such be rendered against defendant. It might be said that, because of the failure on defendant's part to produce and incorporate in the record proof of conviction of the witness for felony, he is not in a position to rely upon the point.

[1] But, passing that, we think that when counsel did not question the telegram, yet objected to its receipt as evidence until the "pardon itself" was produced, they assumed the position that, although the telegram constituted an official announcement of pardon, still such form of announcement was not the best evidence to prove the executive act. But, as the telegram contained matter which was accepted by the court as notice that the witness was pardoned by executive act, we fail to see how defendant's rights were violated by the ruling that the witness was competent to testify.

[2] A reservation policeman testified that he had followed the movements of the party of which defendant was one, and later picked up parts of bottles and could tell there were labels on them. Defendant's counsel objected, on the ground that the witness could not testify to the labels on the bottles or parts which were picked up. The court overruled the objection, and the witness said that the bottle he saw was a big bottle, a flask, and it had a label on it, that the label had never been broken off the bottle, that he did not notice what make it was, that it was a whisky bottle, and that "whisky" was written on the label. This testimony was given as a part of the general description of bottles and pieces found, and we think there was no error in allowing the witness to describe the things as he found them. Furthermore, another witness, without objection on defendant's part, testified in detail as to the labels on the pieces of broken bottles.

[3] Upon rebuttal a witness testified that he had seen the defendant, about the 5th or 6th of September, or "somewhere along there," and that he did not have any conversation with him at that time "to amount to anything." Counsel for the government then asked, "What did you do, or what did he say to you, if anything?" Counsel for the de-

fendant objected, on the ground that it was not a proper impeaching question, and it is said that the court erred in overruling the objection. The admission of the evidence was a matter of discretion, and, no prejudice being shown, we find no error.

It is contended that the court erred in refusing to give an instruction submitting the question whether or not one Pritchett was an accomplice, and also in refusing to charge that the evidence of accomplices "must be received with great caution." The court, however, in referring to the evidence of one Hunter, did tell the jury that they should view the testimony of an accomplice with caution, but advised the jury that, so far as the witness Pritchett was concerned, he was not an accomplice. We will not recite the evidence, but are of opinion that the court was not in error in holding that it failed to prove that Pritchett was criminally implicated.

Other errors assigned are of less importance, and without substantial merit.

The judgment is affirmed.