SNEED, LOCKRIDGE v. STATE OF INDIANA.

[No. 29,276. Filed November 21, 1955. Rehearing denied February 20, 1956.]

*Howard R. Hooper,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

ACHOR, J.—This is a consolidated appeal from the Criminal Court of Marion County, Indiana, Division 2, Honorable Saul I. Rabb, Judge. Appellants Sneed and Lockridge were tried by the court without intervention of a jury on an affidavit charging auto banditry. They were each found guilty and sentenced to serve 10 years in the Indiana State Prison.

The error assigned is the overruling of appellants' motion for a new trial, the grounds of which were (1) that the decision of the court is not sustained by sufficient evidence, and (2) the decision of the court is contrary to law. It is contended as to each of the appellants that the evidence was insufficient to support the finding for the following reasons: (1) That there was a failure of evidence as to the *corpus delicti* of the

offense, and (2) that there was a fatal variance between the allegation of the affidavit and the proof as to the ownership of the cigarettes allegedly stolen.

Furthermore, appellant Sneed, as grounds for appeal, asserts that he was deprived of life and liberty without due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States for the reason that the court failed to appoint another attorney for said appellant when, at or near the conclusion of the trial, he discharged his own attorney and was therefore without representation during the remainder of the trial.

We first consider appellants' contention that there was a failure of proof as to the *corpus delicti* of the case: The three cartons (or boxes) of cigarettes were not admitted in evidence as exhibits and, for reasons which do not appear in the record, the court refused to admit pictures thereof. Furthermore, the cases (or boxes) were not opened and their contents examined. It is upon these circumstances that appellants rely. However, there was evidence that each case had printed on it the words "Camel Cigarettes"; that they were picked up at the Strohm Tobacco Warehouse, that they came from R. J. Reynolds Tobacco Company, which sells tobacco all over the world.

Although it is true that every element of the offense charged must be proved beyond a reasonable doubt, including that of the *corpus delicti*, and although the cases (boxes) involved were not opened and examined as to their contents, such proof of identity of the property was not necessary. They were so identified and dscribed that there could be no doubt in the minds of reasonable men as to the actual contents of the boxes or cartons.

Although no Indiana cases directly in point have

come to our attention, it has been held in other states that testimony as to marks upon packages containing the goods alleged to have been stolen, is competent to prove such contents. The same rule pertains to the Federal jurisdiction where it has been held on an appeal from a conviction for transporting whiskey into an Indian Reservation the word "Whiskey" written on labels found on broken bottles was competent evidence to prove the contents in said bottles. *Pablo* v. *U. S.* (1917), 242 Fed. 905. Also, it has been held that oral evidence as to the words written upon cartons in question was admissible for the purpose of such identification and it was not necessary to produce the cartons in court. *Commonwealth* v. *Morrell* (1868), 99 Mass. 542, 544.

We approve of the following statements from the case of *Kennedy* v. *State* (1913), 182 Ala. 10, 17, 62 So. 49, as correctly stating the law upon this issue:

"The correct theory of the matter, however, is that inscriptions designedly placed on bottles, boxes, or other packages, in the ordinary way, for the obvious purpose of indicating their nature or contents, may in general be regarded as competent evidence thereof, at least against those persons who have such objects in their possession, or who dispense them to others."

We next consider the alleged fatal variance between the allegation and proof of ownership of the property. The affidavit alleged that it was the "personal goods of I. R. C. & D. Motor Freight, Inc.," whereas in fact the carrier was in possession of the property as bailee only. Appellants' contention upon this issue is without merit. This court has heretofore ruled that "It is not essential that the absolute ownership be in the person alleged to be the owner. It

is sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator. *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589;" *Rhoades* v. *State* (1946), 224 Ind. 569, 573, 70 N. E. 2d 27, §9-1121, Burns' 1942 Repl.

Appellant Sneed, as a separate cause for appeal, contends that he was denied due process by reason of the fact that he completed the trial of his case without benefit of counsel. This contention presents a unique and confused situation for this court to consider. The record, among other things, discloses that while in jail appellant wrote letters to the court, the sheriff, the governor of the State of Indiana and other persons demanding that he be brought some law books with which to prepare his defense. Some of these letters contained admittedly false statements, which appellant excused by stating: "Well, a man's got to shoot an angle." Physicians were appointed, who examined the appellant, who determined that he had "comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense."

Prior to the trial, from which this appeal is taken, appellant Sneed brought action by counsel in habeas corpus. However, he refused to take his attorney's advice and that attorney withdrew from the case. The court then appointed a pauper attorney to represent each of appellants. However, thereafter and before the trial in this case, P. L. Hardin was employed as attorney for Sneed, and the pauper attorney withdrew from the case. Later, during the course of the trial, from which the appeal is taken, appellant Sneed actively injected himself in the trial of the case along with, and in several instances in conflict with, his own attorney addressing the court, examining witnesses, accusing

witnesses of perjury and the court reporter of incorrectly reporting the evidence in the habeas corpus proceedings. Finally, at or near the conclusion of the trial appellant Sneed stated in open court: "The defendant objects to Mr. P. L. Hardin, . . . to aid and assist him any longer in this cause of action, and now discharges the said Mr. P. L. Hardin, . . . on the ground that the said attorney has not presented everything to the defense and has not aided or assisted the defendant with his utmost ability, and anything short of this is not adequate representation by counsel which the Constitution demands shall be afforded." The court overruled the motion for reasons assigned, stating: "Mr. Hardin has done everything he could to help you and he is working with you and your family to help you." Judge Rabb therefore stated to attorney Hardin: "I'm not going to require you to participate in a case in which your client does not care for you to participate, but I'm going to ask you to remain in this courtroom as a friend of the court, to do what you think necessary, for your client's protection without, in any way, embarrassing your client." This was done. Appellant did not ask that another attorney be appointed for him, but continued the active trial of the case in his own defense. He asked for an extension of time, which was refused. Appellant thereafter asked that subpoenas be issued to the judge of the Municipal Court and the governor of the State of Indiana. The judge had conducted a preliminary hearing of grand larceny involving the same offense, and appellant had written the governor a letter. Both subpoenas were denied. Thereupon the court inquired of the appellant: "Anything else?" to which he answered, "Nothing else as I knows. Defense rests." Thereafter the court addressed Mr. Hardin, appellant's attorney, and asked: "Anything you want to add to

this Mr. Hardin?" to which he replied, "No, sir." Thereafter the court gave both Mr. Hardin and the appellant an opportunity to present argument on behalf of the defendant (appellant). The appellant argued his case on his own behalf and thereafter rested.

It seems useless to encumber the record with a further recital of the proceedings in this case. It is apparent from the record that appellant was afforded all the benefits of counsel which he would accept. Therefore, his contention that he was denied due process of law because of the failure of the court to appoint an attorney for him is without merit.

Judgment is therefore affirmed.

NOTE.—Reported in 130 N. E. 2d 32.