**James GLOVER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6833.**

United States Court of Appeals Tenth Circuit.

July 7, 1962.

Robert C. Rhone, Jr., Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., for the United States.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Glover and one Irvin were charged in an indictment containing seven counts. The first count charged them with conspiracy to receive, conceal, sell and facilitate the transportation and concealment of a narcotic drug, to wit, heroin, in violation of 21 U.S.C.A. § 174.

Counts Two, Four, Five, Six and Seven charged them with substantive offenses of receiving, concealing, selling and

facilitating the transportation and concealment of a narcotic drug in violation of § 174, supra. Count Three charged Irvin, alone, with a violation of § 174, supra.

A motion by Glover for a separate trial was denied. At the conclusion of the Government's case, Glover moved for a directed verdict of acquittal. The trial court sustained the motion as to Counts Two and Seven and denied it as to Counts One, Four, Five and Six. At the conclusion of all the evidence, Glover moved for a directed verdict of not guilty on Counts One, Four, Five and Six. The motion was denied. The jury found Glover guilty as to Counts One, Five and Six. Glover did not move for a new trial. He was sentenced to imprisonment for a term of 15 years on Count Five and for terms of 5 and 15 years on Counts One and Six, respectively, such latter terms to run concurrently with the term imposed on Count Five. Glover has appealed.

The principal contention here presented is that the evidence was insufficient to sustain the verdicts finding Glover guilty on Counts One, Five and Six. Specifically, the question is whether the evidence, when viewed in the light most favorable to the United States, was sufficient to support the verdicts of guilty returned against Glover.

The evidence established these facts:

On six occasions, from October 18, 1960, to January 24, 1961, Chester J. Wolski, a Treasury Agent assigned to the Bureau of Narcotics, met Irvin and purchased and received from him quantities of heroin. At the times of such purchases and deliveries, Glover was seen in the vicinity where the transactions took place. On two of such occasions, Glover was seen in the company of Irvin a short time after Wolski sought to purchase heroin from Irvin and a short

time before such purchases were consummated by the delivery of the heroin from Irvin to Wolski. There was evidence that on one occasion Glover and Irvin had a conversation, but there was no evidence of what was said. None of the Government's witnesses testified that they saw anything pass from Glover to Irvin and three of the Government's witnesses specifically testified they did not so see.

Joseph Pinelli, a special employee of the Bureau of Narcotics, testified that on October 20, 1960, he asked Glover if they "could do some business together" and Glover answered that they could not until Norman Smith got back. There was no evidence that Glover participated in the unlawful sales and deliveries of the heroin made by Irvin, or that he in anywise aided or abetted Irvin in the commission of such offenses.

Statements made by Irvin incriminating Glover were not admissible against Glover, because they were not made in his presence and hearing and the Government had not established by independent evidence the existence of a conspiracy between him and Irvin.

To render evidence of the acts or declarations of an alleged conspirator admissible against an alleged co-conspirator, the existence of the conspiracy must be shown and the connection of the latter therewith established by independent evidence. The existence of the conspiracy cannot be established against an alleged conspirator by evidence of acts or declarations of his alleged co-conspirators, done or made in his absence.[1]

While the evidence may have been sufficient to cast suspicion upon Glover, that was not enough. Evidence which creates a mere suspicion of guilt is not enough.[2] Guilt may not be inferred from mere association.[3]

---

1. Bartlett v. United States, 10 Cir., 166 F. 2d 920, 925; Tripp v. United States, 10 Cir., 295 F.2d 418, 422; Glasser v. United States, 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680.

2. Thomas v. United States, 10 Cir., 239 F. 2d 7, 10; Corbin v. United States, 10 Cir., 253 F.2d 646, 649.

3. Evans v. United States, 9 Cir., 257 F.2d 121, 126, c. d. 358 U.S. 866, 79 S.Ct.

We conclude that the evidence, viewed in the light most favorable to the Government, was not sufficient to support a verdict of guilty on Counts One, Five and Six.

The judgment is reversed and the cause is remanded, with instructions to dismiss the indictment as to Glover.[4]

98, 3 L.Ed.2d 99; Tripp v. United States, 10 Cir., 295 F.2d 418, 425, 426.

4. See Sapir v. United States, 348 U.S. 373, 75 S.Ct, 422, 99 L.Ed. 426.