Raymond Glenn **THURMOND**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23569.

United States Court of Appeals Fifth Circuit.

May 22, 1967.

Edward E. DeWees, Jr., Bruce Robertson, Jr., San Antonio, Tex., for appellant.

Andrew L. Jefferson, Jr., Asst.U.S. Atty., Ernest Morgan, U.S.Atty., Western Dist. of Texas, San Antonio, Tex., for appellee.

Before GEWIN, COLEMAN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Raymond Glenn Thurmond, was tried and convicted by a jury of the theft of an automobile valued in excess of one hundred dollars from Lackland Air Base in violation of 18 U.S.C. § 661 (1964).[1] He was sentenced by the United States District Court for the Western District of Texas to imprisonment for a maximum of four and one-half years. He appeals from the conviction and sentence.[2] We affirm.

On November 18, 1964, one Lt. Scott S. Stoddard reported to the Air Police at Lackland Air Base, San Antonio, Texas, that his 1964 turquoise and white Ford Galaxy two-door sedan had been taken without his permission from the parking lot of Wilford Hall Hospital which was located on the Air Base. The car had been parked on the lot while Lt. Stoddard was temporarily assigned to the hospital for medical reasons. The car had been last seen in the lot on November 17th when a friend of Lt. Stoddard removed some personal belongings from the trunk and returned

---

1. Section 661 of 18 U.S.C. provides as follows:

> "§ 661 Within special maritime and territorial jurisdiction
> Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:
> "If the property taken is of a value exceeding $100, * * * by a fine of not more than $5,000, or imprisonment for not more than five years, or both".

2. While this case was pending on appeal, the appellant filed a motion for a new trial in the district court based on newly discovered evidence. He also moved in this Court to remand the case for a hearing on the motion. We issued an order requesting the district court to certify to this Court whether a new trial would be granted if the case was remanded. Thereafter, the district court certified to this Court that a new trial would not be granted on the basis of the newly discovered evidence. See United States v. Comulada, 340 F.2d 449 (2 Cir. 1965).

the keys to Lt. Stoddard. Subsequently, on November 23, 1964, a Mrs. Marilyn Cress was stopped for speeding in Houston, Texas, while driving Lt. Stoddard's car. She informed the arresting officer that she had borrowed the car from the appellant to run an errand for her employer and that the appellant was at the Blue Mirror Lounge just outside the Houston city limits in Harris County. The appellant was arrested at the lounge by two members of the Harris County Sheriff's office, and the car was impounded. Shortly thereafter a search of the vehicle disclosed that a loose ignition switch was located in the glove compartment. The following day Lt. Stoddard came to Houston and identified the car. It still had the original license plates on it, and his ignition key fit the door, although it did not fit the ignition switch.

The appellant argues on appeal that the evidence was insufficient to support the verdict and that certain portions of the district court's charge to the jury were erroneous and prejudicial to his defense. The government takes issue with both assertions claiming that the evidence amply supports the verdict and that the charge when read as a whole was correct and did not prejudice the appellant.

■ The evidence adduced at trial was mostly circumstantial. Indeed, even possession of the stolen vehicle was established through the testimony of Mrs. Cress who was in actual possession of the car. Nevertheless, the record clearly reveals that the evidence against the appellant was substantial and that it tended to prove every element of the crime. As such, the case was properly submitted to the jury. If believed by the jury, Lt. Stoddard's testimony indicated that his car was valued at more than a hundred dollars, and that it had been taken from the parking lot at Lackland and driven to Houston without his permission. The car driven by Mrs. Cress in Houston fit the general description of Lt. Stoddard's car and it bore the same

license plates. Although Lt. Stoddard's key fit only the doors, the loose ignition switch in the glove compartment together with the scratches on the dashboard around the area of the ignition clearly tended to establish that the switch had been changed. Further, Mrs. Cress testified that she had borrowed the car from the appellant, that he pointed the car out to her, and that he claimed to own it. The keys delivered to her by the appellant fit the ignition switch but did not fit the locks on the doors. In addition, it was on the basis of her description of the appellant that he was arrested. Her identification of him was positive. While much of the government's case depends on the testimony of Mrs. Cress, credibility determinations are to be made by the jury and not the appellate courts. Viewed in the manner most favorable to the government, this evidence alone would appear to be sufficient to support the conviction. But there was further corroborative evidence, which need not be detailed here, tending to establish the appellant's guilt.

■ Although circumstantial evidence is to be scrutinized with the utmost care, when properly evaluated it is as reliable and trustworthy as a means of proving guilt as direct evidence. Inferences properly drawn from circumstantial evidence may establish the commission of a crime, and under proper instruction a jury may convict on the basis of such inferences. See 3 Wharton, Criminal Evidence, § 980, p. 472 et seq. (1955). Of course, the jury must conclude on the basis of the evidence, be it circumstantial or direct, that guilt has been established beyond a reasonable doubt. Once the jury has so concluded, however, the function of a reviewing court is extremely limited. In this Circuit it is well established that in a circumstantial evidence case, an appellate court is to affirm a conviction challenged on the basis of the insufficiency of the evidence only if this Court can conclude that a jury could reasonably find that the evidence ex-

cluded every reasonable hypothesis except that of guilt. Riggs v. United States, 280 F.2d 949 (5 Cir. 1960); Panci v. United States, 256 F.2d 308 (5 Cir. 1958). After a careful review of the record, we are left with the firm conviction that a jury could so find. We therefore hold that the appellant's first contention is without merit.

 The appellant next asserts that the district court improperly commented on the weight of the evidence when it charged the jury that it might infer guilt from the appellant's unexplained possession of the stolen vehicle shortly after it was stolen. The appellant argues that this amounted to a statement that the appellant was guilty as charged. We can not agree. It is well established that the theft of a recently stolen article may be inferred from the unexplained possession of that article, Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Morandy v. United States, 170 F.2d 5 (9 Cir. 1942), and to so charge the jury does not constitute error. Nor does the Court's charge in the circumstances of this case constitute an improper comment on the evidence. In the federal courts a trial judge may comment on the evidence provided the final decision as to the guilt or innocence of the defendant is left unequivocally to the jury's determination, Murdock v. United States, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933). When the Court submitted the case to the jury, it left the unmistakable impression that the jury was to be the final arbiter of the appellant's guilt or innocence. The court further made it clear that the inference in question was a permissive one, and that the jury may or may not reach that conclusion depending entirely upon their evaluation of the evidence and the credibility of the witnesses. Similarly, the district court did not err when it charged the jury that circumstantial evidence need not be discounted simply because it is circumstantial, but that it is to be given the consideration it deserves as evidence. That instruction does not amount to a comment on the weight of the evidence. It is merely an admonition to the jury that it was to evaluate all the evidence, weigh it, and give credence to that which it believed. Neither comment abrogated the jury's responsibility or usurped its function.

 Finally, the appellant asserts that the district court erred in charging the jury on the burden of proof.[3] He argues that the instruction concerning the burden of proof in a circumstantial evidence case reduced the government's burden. In any criminal case the government must prove every element of its case beyond a reasonable doubt. That burden is the same whether the commission of the crime is established by direct or circumstantial evidence. The frequently stated rule that where a crime is sought to be proved by circumstantial evidence, the evidence must exclude every reasonable hypothesis but that of guilt does not place a greater burden on the government. Rather, that statement is merely a means of defining the government's burden. 1 Wharton, Criminal Evidence, § 12, p. 36 (1955) The district court's charge taken as a whole clearly and fully informed the jury that they must be satisfied that the proof presented by the government established the appellant's guilt beyond a reasonable doubt before they could convict. The

---

3. The appellant focuses his attack on the italicized portion of the following instruction to the jury:

"In this type of case as in any other case you have to be convinced of each and every element beyond a reasonable doubt, and I think that there is more need, perhaps, in a circumstantial evidence case to focus and emphasize the reasonable doubt aspect and be convinced that every reasonable door has been closed before you can find guilt. *It is sometimes paraphrased in this manner that in a circumstantial evidence case the Government must exclude every reasonable hypothesis except that of guilt, but to me those are just words; I don't think it says any more than the Government must exclude every reasonable doubt.*" (Emphasis added)

jury was further told that the evidence must exclude every reasonable hypothesis except that of guilt. The court's comment that such requirement was another means of requiring proof beyond a reasonable doubt did not alter the impression left with the jury as to the government's burden. While in certain circumstances such a comment might prejudice the defendant, on the record before us we are of the firm opinion that the charge did not cause the slightest harm to the appellant. The charge left no doubt as to the government's burden and the court's failure to more fully develop and explore the requirement that the evidence must exclude every reasonable hypothesis except guilt was not error under the facts and in the circumstances before us. We have carefully analyzed the appellant's contentions in light of the entire charge given by the court and find no substance in them. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1955); Bryant v. United States, 252 F.2d 746 (5 Cir. 1958).

We have considered the appellant's other contentions and find them without merit. The judgment is

Affirmed.