Robert Frank **STEWART**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 26555.

United States Court of Appeals Fifth Circuit.

June 2, 1969.

J. Paul Lowery, Montgomery, Ala. (Ct. Appt.), for appellant.

Ben Hardeman, U. S. Atty., Montgomery, Ala., Kirby W. Patterson, Atty., Criminal Div., Dept. of Justice, Washington, D. C., Fred M. Vinson, Jr., Asst. Atty. Gen., Beatrice Rosenberg, Atty., Department of Justice, Washington, D. C., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

## PER CURIAM:

Robert Frank Stewart appeals from his conviction under 18 U.S.C. Section 661 by asserting three issues, all of which we find unpersuasive.

Appellant first argues that the Government failed to adduce sufficient evidence to warrant the jury verdict. More specifically, he contends that the direct evidence against him is valueless because it is the uncorroborated testimony of an accomplice and that the circumstantial evidence against him does not exclude every reasonable hypothesis of innocence. We view the properly-introduced evidence in a "manner most favorable to the government." Thurmond v. United States, 5 Cir. 1967, 377 F.2d 448, 450. *Cf.* Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.[1] We need only note that the Government introduced testimony of identification from the property owner, O. B. Walston, testimony of the act of stealth from an accomplice, Joseph Davis, and supporting testimony from F.B.I. agent G. Robert Martz and floral shop owner Hugh C. Gray. Moreover, the defendant himself identified the stolen property and admitted that he had had some recent business dealings with witness Gray. Such testimony constitutes a

---

1. Since this conviction is based on the testimony of several witnesses, we need not again assert that the conviction can properly be based solely on uncorroborated direct evidence by an accomplice. *See* Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442; Williamson v. United States, 5 Cir. 1966, 365 F.2d 12, 14; Tillery v. United States, 5 Cir. 1969, 411 F.2d 644. Moreover, we note that the presence of direct evidence in this case obviates the need for applying the stricter rule of insufficiency of *circumstantial* evidence. See, e. g., *Thurmond, supra,* 377 F.2d at 450–451. *Cf.* O'Connell v. United States, 5 Cir. 1968, 402 F.2d 760, 761.

wholly substantial basis on which the jury could find Stewart guilty beyond a reasonable doubt. *See Glasser, supra.*

■ Stewart contends secondly that the district judge's charge to the jury conveyed the impression that mere presence at the scene of the crime is a sufficient basis for an inference of guilt. An examination of the charge reveals, however, that the district judge made clear that participation in the offense had to be conscious and that the participant must have specifically intended to do what the law forbids. The "aiding and abetting" instruction was used merely to clarify the jury's ability to infer guilt from the mass of circumstantial evidence. This practice has been specifically approved by the Supreme Court in Pereira v. United States, 1954, 347 U.S. 1, 10–11, 74 S.Ct. 358, 98 L.Ed. 435.

■ Finally appellant contends that the district judge unlawfully terminated the cross examination of Government witness Davis. The colloquy between defense counsel and district judge follows:

"Q Did he make any statements to you?

A What type of statement do you mean?

Q Well, did he identify himself?

A Yes; yes, sir.

THE COURT: What are you getting at, Mr. Booth; what are you getting at?

Q Did he offer to make any recommendation—

THE COURT: You answer my question, please; what are you getting at with this line of questioning?

MR. BOOTH: I just wanted to arrive at the circumstances surrounding the giving of the statement, Judge.

THE COURT: All right; that is not material in this case, the statement he may have given to the F.B.I.

MR. BOOTH: Yes, sir.

THE COURT: It never was brought out; you are the one that brought it out; it never was brought out on direct examination; it is not material. Now, if you want to go into the voluntariness of his testimony he has given here today, you may do that to any extent you want to; but I have sat here and I have permitted you to waste a lot of time; and when you get off just to the point of being completely extraneous and out of line, it is my duty to stop you, and that is the reason for my comment.

MR. BOOTH: I apologize to the court.

THE COURT: That is all right. Go ahead now; as long as it is material you take as much time as you want to representing your client; but when you get off about what this man did when the F.B.I. questioned him about his guilt in a case that has already been disposed of, you are completely outside of the issues in this lawsuit.

MR. BOOTH: Again, I apologize to the court.

THE COURT: That is all right; go right ahead. That is the reason they keep me sitting up here, to take care of things like that. You go right ahead; take as much time as you think you need, as long as you stay in any reasonable realm of materiality, to represent your client, and I want you to do it."

Since Davis' statement to the F.B.I. agent was not in the case for any purpose, the district judge correctly informed counsel that his line of questioning was beyond the proper scope of cross-examination. *See generally* 3 Wharton's Criminal Evidence, Sections 885 *et seq.* (1955 ed. with 1968 supp.).[2]

---

2. Appellant's argument is premised upon his view of Gordon v. United States, 1953, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447. That case, however, dealt only with *production* of prior inconsistent statements. The Supreme Court specifi-

The record also quite clearly indicates that the district judge was solicitous of Stewart's right to elicit other testimony concerning Davis' credibility as a witness.[3]

We find no reversible error in any of Stewart's contentions and we therefore affirm the judgment of conviction.

Affirmed.

cally refused to decide whether *exclusion* of such statements would constitute reversible error. 344 U.S. at 420, 73 S.Ct. 369. In the case *sub judice* appellant neither moved for production under 18 U.S.C. Section 3500 nor sought to introduce the prior statement for the purpose of showing inconsistency or impeaching credibility.

3. Davis' reluctance to testify at one point during cross examination is alluded to by appellant who contends that the district judge unlawfully intimidated Davis. We find, however, that the district judge's warnings to Davis, who was not on trial here, were entirely proper. *Cf. Gordon, supra* at 422, 73 S.Ct. 369.