**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank Timothy COLLINS and John Arthur Gullett, Defendants-Appellants.**

**No. 27800**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 20, 1969.

of the appellants' contention focuses upon a minute portion of the court's charge:

"* * * So it seems to me after all, this is simply an expression of view or evidence that the critical and only real question for this Jury to determine in this case is whether or not these defendants knew at the time that they acquired it that it had been stolen and transported in commerce, and if they did not know that, then they are not guilty. * * *"

The appellants argue that these comments by the trial judge could have misled the jury to believe that it needed to consider only one element of the offense in reaching a verdict. When the charge is read as a whole, this contention fails. The trial judge carefully described every element of the offense and his comments were certainly within the bounds of his discretion. Cf. Thurmond v. United States, 5 Cir.1967, 377 F.2d 448.

Affirmed.

James L. Fuqua, Jr., Nashville, Tenn., for appellants.

Edward F. Boardman, U. S. Atty., Tampa, Fla., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir.1969, 409 F.2d 804, Part I.

The appellants were indicted for violation of Title 18, U.S.C., Section 2315, for interstate transportation of stolen property. The case was tried to a jury which returned a guilty verdict.

The sole issue on appeal is whether the court's charge to the jury constituted prejudicial error. The main thrust