**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Floyd Edward TURNER, Jr., Defendant-Appellant.**

**No. 84–69.**

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1970.

\* Of the Fifth Circuit, sitting by designation.

I. 18 U.S.C. § 661 provides in pertinent part:

"Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

John S. Castellano, Denver, Colo., for defendant-appellant.

Milton C. Branch, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and David L. Osborn, Asst. U. S. Atty., were with him on the brief) for plaintiff-appellee.

Before TUTTLE,\* Senior Circuit Judge, and HILL and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant Turner seeks to reverse a conviction under 18 U.S.C. § 661 for theft of an automobile in 1968 from a parking lot at Fitzsimons Army Hospital in Denver, Colorado.[1] For reversal Turner urges that the Government proof was insufficient on several grounds and claims errors in trial procedure and the instructions. Turner offered no evidence but he challenged the sufficiency of the Government proof by a motion for judgment of acquittal, and a motion to set aside the verdict and enter judgment of acquittal or in the alternative for a new trial.

■ Where such a challenge is made to the sufficiency of the proof to support a conviction, we must view the evidence and all reasonable inferences therefrom in the light most favorable to the prosecution. Pauldino v. United States, 379 F.2d 170 (10th Cir.). There must, of course, be substantial proof of each element of the offense on which the jury could find the defendant guilty beyond a reasonable doubt. However, it is not necessary, as Turner argues, that the evidence preclude every hypothesis except guilt even though the conviction may rest primarily on circumstantial evidence. Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150; Thomas v. United States, 409 F.2d 730 (10th Cir.).

"If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both."

With these guidelines in mind we turn to the principal facts which the Government proof tended to show. It was stipulated that on April 12, 1968, the car described in the indictment, a 1968 blue Rambler belonging to one John Chester, was parked on a lot next to Fitzsimons Army Hospital; that this car bore the same identification number as that alleged in the indictment; that Chester gave no one permission to drive the car from its location; and that, without permission by Chester, it was taken from the parking lot on April 12.

Acquaintances of Turner—Askew and Maxey—testified that they saw Turner driving a 1968 blue Rambler several times in April and May of that year. He told them it belonged to his girl. Askew was allowed to drive the car twice, and he went riding with Turner almost every Sunday until Turner's arrest on another matter. Maxey also drove the car more than once and rode with Turner in it as well. On May 5, 1968, an Aurora, Colorado, patrolman arrested Turner at a discount store on an unrelated matter. As requested by Turner, Askew drove the car to his own home from the store. The vehicle was parked at Askew's home and his mother took the keys and called the authorities. They had the vehicle towed away to the Denver auto pound sometime around May 20.

On this and other proof detailed below, Turner was found guilty by a jury. He was sentenced by the court as a youth offender under 18 U.S.C. § 5010(b), from which conviction and sentence he appeals. We turn now to his contentions on the appeal.

We consider first the question whether the car Turner was driving in April and May, 1968, was sufficiently identified as the stolen car, a point seriously challenged and one we find to be dispositive. This conviction necessarily rests on identification of the car driven by Turner as that stolen from the hospital. For the Government sought to prove that Turner stole the car by relying on the permissible inference of theft based on unexplained possession of recently stolen property. See Wilson v. United States,

162 U.S. 613, 617, 16 S.Ct. 895, 40 L.Ed. 1090; Martinez v. State of Utah, 412 F.2d 853 (10th Cir.); and Thurmond v. United States, 377 F.2d 448 (5th Cir.).

The owner of the car did not testify. There was proof by the officer who came to the Askew home about the car that he saw a registration which he believed was in the name of a Mr. and Mrs. Chester. He said this was a Colorado registration but that the car had an out-of-state plate, which he believed was from Georgia. He described the car as a 1968 light blue 4-door Rambler. He said he checked the car to see if it was reported stolen, such as by examination of the identification number, but was unable to find a report it was stolen. He did not state the license number or the vehicle identification number.

However, because of the Colorado registration and out-of-state tag, he said he had the car at the Askew home at 2565 Glencoe towed away. As nearly as he could recall " * * * it was around the 20th of May." An F.B.I. special agent testified that later he went to the Denver auto pound on June 3d and examined the records for a 1968 Rambler towed in on May 20th " * * * from the 2500 block of Glencoe." He thus determined which car to check. He made a pencil lift of the identification number of a 1968 Rambler thus located which corresponded with that of the stolen vehicle.

■ This was the extent of proof attempting to establish that the car in Turner's possession was the stolen vehicle. There was no evidence by the owner or other witnesses identifying the car as the stolen vehicle by observation of it and its license tags as in Welch v. United States, 360 F.2d 164 (10th Cir.). Moreover, the proof identifying the vehicle in Turner's possession merely by color, make and model was not sufficient. See Tyler v. United States, 323 F.2d 711 (10th Cir.); Watkins v. United States, 409 F.2d 1382 (5th Cir.); and Thompson v. United States, 334 F.2d 207 (5th Cir.). These and the remaining circumstances, seeking to connect the stolen car ultimately identified at the auto pound as

the car earlier in Turner's possession, raised a suspicion of guilt but may not support the criminal conviction. See Maestas v. United States, 311 F.2d 457 (10th Cir.), cert. denied, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767; and Glover v. United States, 306 F.2d 594 (10th Cir.).

Accordingly the judgment is reversed and the case is remanded with directions to dismiss the indictment. Since appellant is held under the sentence arising from this conviction, we direct that the mandate issue forthwith.

HILL, Circuit Judge (dissenting).

I am compelled to respectfully dissent from the majority opinion. As I understand the opinion, it holds, in effect, that the evidence on behalf of the prosecution did not sufficiently identify the car in the possession of appellant as the car described in the indictment and which was stolen from Fitzsimons Army Hospital grounds. A careful reading of the record convinces me that the conclusion reached by my distinguished associates is not supported by the record.

At the outset it was stipulated that the car described in the indictment belonged to one John Chester; that such car was a blue Rambler; that the identification number of the car, A85050A135695, as set out in the indictment, was the correct identification number on the Chester car; that the car was parked on the Fitzsimons Army Hospital grounds on April 12, 1968, and on that date was taken from such place without the permission of the owner.

The undisputed oral evidence shows that appellant, Turner, had possession of a 1968 Blue-green American Rambler car for several weeks subsequent to April 12, 1968; on Sunday, May 5, 1968, Turner, accompanied by two friends, George Askew and Elbert Maxey, drove in this car to Arlan's Store on East Colfax in Aurora, a Denver suburb. While the trio was in the store Turner was taken into custody by a police officer for some offense not connected with the car; Tur-

ner, at that time instructed his companion Askew to drive the Rambler car to Askew's home and to keep it there; Askew drove the car to his home at 2565 Glencoe in Denver; the car remained in the possession of Askew until May 20, 1968, when it was towed by direction of the Denver Police Department to the car pound maintained by the Department; on June 3, 1968, Neil W. Fore, an FBI Agent, went to the pound, examined the car that had been towed in from the Glencoe Street address and took what is known as a pencil lift of the vehicle identification number on the 1968 Blue Rambler American; and this lifted identification number was identical to the identification number on the 1968 Blue Rambler American, owned by Chester and taken from the Fitzsimons Hospital grounds on April 12, 1968.

In addition to proving the color, make and model, by a series of four witnesses the prosecution produced undisputed evidence that the serial number on the vehicle in appellant's possession was identical to that of the stolen automobile. The majority states as much but evidently feels that the owner or other witnesses could proffer a more reliable identification, citing Welch v. United States, 360 F.2d 164 (10th Cir. 1966). As I read that case, serial number identification is an accepted means of identifying vehicles. "Such identification of an automobile by its true identification number, as was done here, is positive proof of its identity and no additional evidence is required. United States v. Wheeler, 219 F.2d 773 (7th Cir. 1955)." Meyer v. United States, 396 F.2d 279, 281 (8th Cir. 1968). Considering all the evidence, there is more than a mere suspicion of guilt; rather it appears that the stolen car was unequivocally traced to Turner.

The evidence adduced, as a matter of law, compelled the trial judge to overrule the motion for a judgment of acquittal and to submit the case to the jury. The jury, in accordance with the instructions, determined the facts and returned a verdict of guilty. I would affirm the case.