**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Benny YATES, Defendant-**
**Appellant.**

No. 72–1599.

United States Court of Appeals,
Tenth Circuit.

Dec. 20, 1972.

Thomas E. Joyce, Kansas City, Kan., for defendant-appellant.

Edward H. Funston, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Thomas A. Hamill, Asst. U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

Defendant appeals from a jury conviction in the District of Kansas for theft of goods valued in excess of $100 from an interstate shipment, in violation of 18 U.S.C. § 659. On December 20, 1971, agents for the Rock Island Motor Transit Company apprehended two men carrying away three cardboard boxes of goods from the company's docks in Kansas City, Kansas. Both men were arrested by the agents.

The defendant's evidence consisted of two witnesses, defendant Yates and his cohort in the alleged crime, Albert Wade. Yates testified that he and Wade were hired by a man named Martin to pick up the cartons while Martin paid for them at the office. Yates asserts he had no idea Martin was not authorized to take the cartons. Martin did not testify in the trial. Wade's testimony was similar to and supportive of that given by Yates; however, it was brought out by the prosecution that Wade earlier had pleaded guilty to the same crime.

The government's case included testimony by one of the agents who apprehended Yates and by Alan Rotton, a special FBI agent. Rotton stated that among other things, Yates told him the story about Martin was false; but upon realizing that Rotton could not get him out of jail, Yates refused to cooperate further. Several Rock Island employees were allowed to testify that business records indicated shipments for December 20 were short three cartons of merchandise, two consisting of General Electric stereophonic portable players, and one containing a broiler-cooker and roaster. Employees from the two companies receiving the shipments from Rock Island Motor Transit verified the loss. Rock Island tally copies and delivery receipts were introduced as exhibits showing the Rock Island shipments to be short three cartons. A picture of the three cartons was also admitted into evidence over defendant's objection that such photograph was not the best evidence.

Defendant on appeal argues two principal issues. First, there is not the requisite sufficiency of evidence to support a verdict. Second, failure to introduce the contents of the shipping cartons in evidence negates proof of the body of

the crime. We believe both contentions are without merit.

■ The amount of evidence necessary to support a verdict is well settled in our circuit. Evidence, both direct and circumstantial, together with the reasonable inferences drawn therefrom, is sufficient if, when taken in the light most favorable to the government, the fact finder may find the defendant guilty beyond a reasonable doubt. It is not necessary that evidence preclude every hypothesis except guilt even though the conviction may rest primarily on circumstantial evidence. United States v. Merrick, 464 F.2d 1087 (10th Cir. 1972); United States v. Ortiz, 445 F.2d 1100 (10th Cir. 1971), cert. denied, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545; United States v. Turner, 421 F.2d 252 (10th Cir. 1970).

■ In the instant case, defendant was apprehended on the premises of the Rock Island company with the stolen merchandise in his possession. Employees of Rock Island Transit testified they were short three cartons, and this was confirmed by the companies receiving the shipments. Business records were introduced to show what was stolen and the quantity of each item stolen. The quantity and type of goods in defendant's possession matched the goods Rock Island reported missing. There was sufficient evidence from which the jury could find beyond a reasonable doubt that (1) merchandise in defendant's possession had been stolen; (2) defendant was a party to the theft; and (3) defendant possessed the requisite criminal intent to appropriate the goods.

Defendant's second argument is that because the government at trial failed to open the cartons purportedly containing the stolen merchandise, they have failed to prove the corpus delicti of the crime. This argument may be disposed of briefly. In Sneed v. State, 235 Ind. 198, 130 N.E.2d 32 (1955), cert. denied, 352 U.S. 858, 77 S.Ct. 85, 1 L.Ed.2d 66 (1956), the same argument was expounded. Defendant in Sneed was accused of stealing three cases of cigarettes. The cartons were not admitted in evidence; to prove the corpus delicti, evidence was admitted that each carton case had printed on it the words "Camel Cigarettes." The court held that although the cases were not opened and examined as to their contents, such proof of identity of the property was not necessary. The evidence admitted so identified and described the carton's content that there could be no doubt in the minds of reasonable men as to what the cartons contained. *See also* Pablo v. United States, 242 F. 905 (9th Cir. 1917).

■ In our case, the evidence was similar to that introduced in Sneed. A photograph was admitted showing the three stolen cartons. On each carton the product inside was identified. Testimony by numerous witnesses proved the items found short in Rock Island's freight were the same found in defendant's possession. The government witness, Hall, described the merchandise contained in two of the cartons. Here the circumstantial evidence of the corpus delicti was sufficient to lead irresistibly to the inference that the cartons in the government's possession contained the merchandise stolen by Yates from the Rock Island Transit Company. *See* United States v. De Normand, 149 F.2d 622 (2d Cir. 1945).

Defendant asserts that United States v. Turner, supra, substantiates the conclusion that the government's case is insufficient to support a verdict. We do not feel Turner applies. That case dealt with an automobile theft under facts totally unrelated to the present case.

Affirmed.