Kenneth M. JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18193.

United States Court of Appeals
Eighth Circuit.

April 11, 1966.

John L. Boeger, St. Louis, Mo., made argument for appellant and filed typewritten brief.

Robert J. Koster, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee and filed printed brief with Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo.

Before VOGEL, Chief Judge, BLACKMUN, Circuit Judge, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

Appellant, Kenneth M. Jones, appeals from his conviction upon a verdict of guilty by a jury of the charge that on or about October 8, 1964, appellant by force, violence and intimidation took $12,085 from a teller at the Chippewa Trust Company, in violation of 18 U.S.C. § 2113(a).

The government's principal evidence consisted of the testimony of two eyewitnesses, bank tellers, who identified the appellant as the one who perpetrated the crime, and the testimony of a friend of appellant's, James Ray Davis,[1] who repeated statements allegedly made to him by appellant that he, appellant, had robbed the company in question. The government offered additional evidence tending to corroborate the testimony of Davis with respect to the time, place and circumstances under which the alleged admission of guilt was made by appellant.

The appellant's evidence consisted chiefly of his own denial of the charge, the testimony of a witness placing appellant at Meridian, Mississippi at the time the alleged crime occurred, and the testimony of his brother who denied that appellant ever admitted robbing the bank in question as related by the witness, Davis.

Appellant urges two errors in the conduct of his trial: (1) misconduct by government counsel in the closing arguments; (2) failure of the Court to give requested instructions to the jury as to the unreliability of identification testimony.

During his summation to the jury, counsel for the government, after commenting about the testimony of the identification witnesses, stated:

"What do you have to go along with that? A statement made by this defendant. A statement made by this defendant. Not one, that the defense can come in and say, 'Well, it was coerced by the police. He wasn't advised of his rights. It is not a voluntary confession.' It is not a statement that can be attacked in that manner. Why? Because it is made to a cohort. It is made to a friend.

"Is it believable that two men would be sitting in a car, or driving around, and one would say, if they know each other, have been living together for the better part of three months, 'I held up that bank. I'm a big shot'? Look at the size of him. Look at his appearance. He is a fighter, a boxer, a professionally trained fighter, and look at Davis. Don't you think it is the kind of kid he'd try to impress? Is that unbelievable? And that he would impress Davis with 'I held up this place and got twelve thousand bucks'?

1. Davis was serving a term of one to seven years in the Illinois State Penitentiary at the time he testified.

"Now, Davis comes in and testifies. They can't say that the police coerced anybody. They can't say—"

Counsel for the appellant objected to the foregoing argument on the ground it was very prejudicial and moved for a mistrial. The Court responded as follows:

"The request for a mistrial will be denied. This is argument of counsel. The jury is instructed that argument of counsel is not evidence, and they will be guided by the evidence as they remember it to be. Overruled."

■■■ Appellant urges that Court erred in overruling the motion for mistrial. It is, of course, the obligation of the United States Attorney to prosecute with earnestness and vigor, but to refrain from unfair blows. Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). In determining matters of this kind the facts must be examined in each case. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 240, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); Feguer v. United States, 302 F.2d 214, 254 (8th Cir. 1962). In the case at hand the witness Davis had testified as to admissions by appellant that he had robbed the bank in question. The credibility of the witness and the weight to be given his testimony was an important matter to be determined by the jury. The witness was then incarcerated in the Illinois State Penitentiary. He had been cross-examined pointedly with reference to his friendship with appellant's wife. His credibility was certainly within the scope of proper argument. Orebo v.

United States, 293 F.2d 747, 749 (9th Cir. 1961). Considering the arguments as a whole it cannot be said that the government's attorney was guilty of improper argument. It should also be noted that the trial court when objection was made to the argument, promptly overruled the motion for mistrial, and reminded the jury that the matter at hand was the argument of counsel and not evidence. The trial court was in a position to observe the propriety of the argument and to what extent prejudice, if any, was injected. Keeble v. United States, 347 F.2d 951, 956 (8th Cir. 1965). We find no error in the trial court's denial of the motion for a mistrial.

■■■ Appellant next urges that the trial court erred in refusing to instruct the jury as to the unreliability of identification testimony. In this regard appellant requested two instructions which were refused.[2] The court refused to give the requested instructions upon the grounds that they were argumentative, not a proper statement of the law, and would be an improper comment on the evidence. Examination of requested instruction "B" indicates it was improper in the form requested. It commences: "Testimony tending to prove identity is to be scrutinized with extreme care because no class of testimony is more uncertain and less to be relied upon than that of identity." The foregoing is highly argumentative and obviously not a correct statement of the law.

■■■ Requested instruction "C" is incorrect in view of the record. It com-

2. *Refused Instruction "B"*. Testimony tending to prove identity is to be scrutinized with extreme care because no class of testimony is more uncertain and less to be relied upon than that of identity. The possibility of human error or mistake, and the probable likeness or similarity of persons are elements that you must act upon in considering testimony as to identity. You must carefully consider these factors in passing upon the credibility that you attach to the witnesses' testimony. Evidence of identification of the defendant in the absence of prior familiarity with him is merely the expression of an opinion by a witness and is to be regarded

by the jury in the same light as any other opinion that may be expressed by a witness. The identity of the defendant as the culprit must be shown with such certainty as to preclude any possibility of error.
  *Refused Instruction "C."* If the circumstances of the identification were not convincing, the jury would find the defendant not guilty.
  The jury should take into consideration the familiarity of the witnesses with the robber, the time they observed the robber, the lapse of time between the robbery and the identification and the description given the police immediately after the robbery.

mences: "If the circumstances of the identification were not convincing, the jury would find the defendant not guilty." The foregoing improperly limits the jury to identification testimony and ignores testimony concerning admission of guilt made by appellant to the witness, Davis.

■ Appellant further contends that his main defense was that the identification witnesses were mistaken and it was reversible error for the court to refuse to give a charge on appellant's theory of the case, citing, Marson v. United States, 203 F.2d 904, 912 (6th Cir. 1953); Levine v. United States, 104 U.S.App. D.C. 281, 261 F.2d 747 (D.C.Cir. 1958). A review of the instructions as a whole in the instant case demonstrates that the trial court submitted appellant's theory to the jury and the law applicable thereto. In instruction five the court instructed the jury as follows:

### V.

"It is the position of the defendant that he did not rob the Chippewa Trust Company and was not in the City of St. Louis on October 8, 1964, and therefore it was impossible for him to have committed the robbery for which he is accused. It is the position of the defendant that the eye witnesses to the robbery are mistaken in their identification of defendant as the guilty party."

Appropriate instructions on the credibility of witnesses, reasonable doubt, burden of proof, and appellant's defense that he was not present at the time and place of the commission of the offense charged but was elsewhere, were all included in the court's charge. "In the giving of instructions there is necessarily a wide range of discretion vested in the trial judge who must clearly and accurately state the rules of law by which the jury is to be guided in its deliberations." Dranow v. United States, 307 F.2d 545, 568 (8th Cir. 1962). We are satisfied that appellant's defense of mistaken identification was adequately submitted in the instructions. Jones v. United States, 113 U.S.App.D.C. 233, 307 F.2d 190

(1962). It is also noted that the issues were vigorously discussed by counsel in their closing arguments.

Appellant received a fair trial and the record amply supports the verdict of guilty by the jury.

The judgment of the District Court is affirmed.