George Anthony **PAULDINO**, alias
Anthony Capra, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8747.

United States Court of Appeals
Tenth Circuit.

June 5, 1967.

Willliam H. Erickson, Denver, Colo.
(Hindry, Erickson & Meyer and Charles
F. Brega, Denver, Colo., on the brief),
for appellant.

Lawrence M. Henry, U. S. Atty., for
appellee.

Before BREITENSTEIN, SETH and
HICKEY, Circuit Judges.

SETH, Circuit Judge.

The jury found the appellant guilty of
transporting a forged security in interstate commerce in violation of 18 U.S.
C.A. § 2314,[1] and the appellant has taken
this appeal.

The primary argument on appeal is
that the evidence was insufficient, as a
matter of law, to support the jury's verdict. It is conceded that the forged security in question, a cashier's check in
the sum of $250, was bogus. The Montana bank upon which the check was
drawn and the person who signed the
check as maker are nonexistent. It is
also conceded that the appellent introduced the check into interstate commerce.
The appellant however contends that the
record discloses no evidence to support a

1. The language of § 2314 material to this
appeal provides: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited
securities or tax stamps, knowing the

same to have been falsely made, forged,
altered, or counterfeited; * * *
"Shall be fined not more than $10,000
or imprisoned not more than ten years,
or both."

finding by the jury that he introduced the bogus check into interstate commerce with knowledge of its bogus nature, and that proof of such guilty knowledge is the critical element of the offense for which he was convicted.

The appellant testified during the trial, and his account of the incident leading to his indictment and conviction may be summarized as follows: In the fall of 1964 appellant attended a "turkey shoot" sponsored by the Veterans of Foreign Wars organization in Bennett, Colorado. The turkey shoot was apparently an occasion for gambling in the VFW building, and appellant joined a "7–11" dice game, in which he engaged in side bets with different people standing around the dice table. A man known only as "Anthony Capra" offered the cashier's check as security for side bets with appellant. Appellant testified that he was not acquainted with Capra, had not seen him before that day, and has not seen him since. He related that Capra identified himself as "Anthony Capra" and gave a home address in Denver, which appellant was unable to remember precisely. Capra passed the check to appellant for examination before the betting started, and appellant noticed that the payee on the face of the check was "Anthony Capra," and that the check was not then endorsed. Appellant returned the check to Capra and the game continued. Appellant further testified that after a time, appellant succeeded in winning $250 from Capra. Appellant took the check from Capra and placed it in his pocket, neglecting to notice if Capra had endorsed the check. Appellant continued in the game, making bets with other people at the table and finally losing all his cash. Appellant owed $40 to another player and thought of cashing the check won earlier from Capra, at which time appellant realized that "I forgot to get the endorsement from him [Capra]." Appellant looked around the room for Capra, but did not see him, and appellant could not recall if he looked for Capra in the other game rooms in the building. Appellant then approached Mr. Froman, a VFW official, and said that he wanted to cash the check. Froman responded that the check would have to be approved. Appellant also testified that Mr. Meyer, another official of the VFW, appeared at the cashier's table. Appellant testified that he told Meyer and Froman that he was not "Anthony Capra," but that Mr. Meyer said an endorsement was necessary, and for appellant to sign "Anthony Capra" and give an address. Appellant endorsed the check by signing "Anthony Capra" and added a Denver address, which appellant testified was his best recollection of the address Capra had given during the betting. Appellant testified that neither Meyer nor Froman asked him for any personal identification, and that Meyer remarked that a cashier's check is "good as gold."

Meyer and Froman, the VFW officials who cashed the bogus check for appellant, appeared as Government witnesses. According to Meyer and Froman, the appellant represented himself as the payee of the check, "Anthony Capra," and did or said nothing to indicate otherwise. Meyer and Froman also testified that they sought identification from the appellant, but that appellant told them the state had picked up his driver's license or that he had lost his billfold. Three defense witnesses testified that they had seen the cashier's check in the dice game before the appellant won it, and one of these witnesses testified that he had placed bets on the check himself before the appellant won it. Another of these defense witnesses testified that he accompanied the appellant to the cashier's table, and generally corroborated appellant's account of the check cashing incident. Although the record contains the testimony of other witnesses, we conclude that further discussion of the evidence is unnecessary for deciding the issue on appeal.

It is the appellant's argument that the record discloses a failure of proof on a critical element of the offense, i.e., that appellant knew the cashier's check was bogus when he endorsed, cashed, and introduced the check into in-

terstate commerce. Scienter, or guilty knowledge, is an element of the offense, for the statute plainly limits culpability tc interstate transportation of securities with knowledge of their bogus nature. See Barry v. United States, 109 U.S.App. D.C. 301, 287 F.2d 340; Popeko v. United States, 294 F.2d 168 (5th Cir.); Halfen v. United States, 324 F.2d 52 (10th Cir.).

When the sufficiency of the evidence supporting a conviction is questioned on appeal, the evidence with reasonable inferences therefrom will be viewed in a light most favorable to the prosecution. There must, of course, be substantial evidence on each element of the offense from which the jury could find that the accused is guilty beyond a reasonable doubt. Williams v. United States, 368 F.2d 972 (10th Cir.); Cartwright v. United States, 335 F.2d 919 (10th Cir.); Halfen v. United States, supra.

We conclude that there is not substantial evidence in the record upon which the jury could find, beyond a reasonable doubt, that the appellant knew the cashier's check was bogus when he introduced it into interstate commerce.

There is substantial evidence in the record to support a finding by the jury that the appellant falsely *endorsed* the check by representing to Meyer and Froman that he was "Anthony Capra," but a false endorsement is not a criminal offense under § 2314. In Streett v. United States, 331 F.2d 151 (8th Cir.), the defendant was accused of violating § 2314 by introducing in interstate commerce bona fide travelers checks upon which he had falsely endorsed the countersignatures. After an extensive discussion of § 2314, the Eighth Circuit held that falsely endorsing is not falsely making, forging, altering, or counterfeiting the instrument, as required by the statute. See also Beatty v. United States, 357 F.2d 19 (10th Cir.), where this court, citing the Streett case, said, " * * * whether defendant actually endorsed the check is of no significance

in establishing the elements of the offense."

Without direct or circumstantial evidence bearing on the appellant's knowledge that the cashier's check was false, substantial evidence that he falsely endorsed the check is proof only of a fact that is equally consistent with innocence as with guilt, or that merely raises a suspicion of guilt. Halfen v. United States, supra, and cases cited therein. There is no presumption arising from possession of such a check. See also Kreuter v. United States, 376 F.2d 654 (Tenth Circuit, May 4, 1967). We find no additional evidence in the record bearing on the appellant's knowledge that the check was bogus. There was substantial evidence as noted above to establish false endorsement as a fact, but that fact alone is not substantial circumstantial evidence from which the jury could infer, beyond a reasonable doubt, that appellant knew the check was bogus. The record discloses a failure of proof on an essential element of the offense for which the appellant was convicted.

The appellant's conviction is vacated and the cause is remanded to the District Court with instructions to enter a judgment of acquittal.