**Floyd Lenox McGEE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9967.**

United States Court of Appeals
Tenth Circuit.

Oct. 30, 1968.

Certiorari Denied March 10, 1969.

See 89 S.Ct. 1020.

Edward M. Boyle, Olathe, Kan., for appellant.

Benjamin E. Franklin, U. S. Atty., Kansas City, Kan., for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

The appeal is from a judgment of conviction and sentence following a jury verdict by which appellant was found guilty on each of two counts. Both counts charged a violation of 18 U.S.C. § 2314, which makes it unlawful to know-ingly transport in interstate commerce falsely made, forged, altered or counterfeited securities.

The Parkview Drug Store No. 73 in Kansas City, Missouri, an authorized agent for the issuance of American Express Money Orders, was robbed on October 3, 1966, and a number of blank money orders were taken. On October 20, 1966, a man, later identified as the appellant, appeared at Snow's Frozen Food Locker in Kansas City, Kansas, and purchased meat by presenting an American Express Money Order in the amount of $85.00 that was made payable to one John L. Price. The purchaser received change in the amount of $71.00. On October 21, 1966, a man, identified as appellant, purchased water pipe from the Sonken-Galamba Corp., in Kansas City, Kansas, and also presented an $85.00 American Express Money Order in payment and received $75.05 in change. These money orders were identified as having been stolen from the Parkview Drug Store; consequently, after being transported in the regular course of business to the American Express Company in New York City, they were returned as falsely made and remain unpaid.

Prior to the trial, counsel for the appellant moved for separate trials on the two counts under Rule 14, F.R. Crim.P. The denial of this motion for a severance is attacked here by appellant. We find no merit in this point. Rule 14 permits a severance of counts only when the defendant shows that he would be prejudiced by going to trial without a severance. No showing of prejudice was made at the hearing on the motion or on this appeal. Appellant argues here that a separate trial on each of the two counts would have precluded the admission of evidence in each trial not pertaining to the particular charge upon which he was being tried. This is not correct because of the rule that evidence of similar offenses is admissible to prove the intent of the defendant.[1] Thus, all of the evi-

1. Holt v. United States, 404 F.2d 914 (10th Cir. 1968) and citations therein.

dence adduced in this trial would have been admissible in both trials if appellant had been granted a severance and two separate trials held.

■ After the identification testimony of two witnesses had been received at the trial pertaining to count number two, counsel for the defendant moved to strike such testimony because of the out of court identification of photographs of the defendant in the absence of counsel. This motion to strike was denied. In support of this contention here appellant relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966). Those cases concern the so-called lineup identification and are factually different from this case. What is complained of here is nothing more than preparation for trial by the Government. No lineup identification is involved and there was no form of confrontation of the accused. The trial judge was correct in refusing to extend the doctrine of Gregory and Wade and in denying the motion to strike the questioned evidence.

■ Appellant next contends that the trial court failed and refused to properly instruct the jury as to the necessity of positively identifying the appellant as the individual committing the alleged violations. In this regard, the instruction proposed by the appellant purported to caution the jury by calling attention to the fallibility of the human memory with regard to eye-witness identification. To sustain the necessity for this type of instruction, reliance is placed upon Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966) citing Jones v. United States, 124 U.S.App.D.C. 83, 361 F.2d 537 (1966) and Salley v. United States, 122 U.S. App.D.C. 359, 353 F.2d 897 (1965). An analysis of those decisions, as well as the decisions of other Circuits,[2] plainly indicates that in situations where the conclusiveness of identification has been challenged, it is incumbent upon the court to call attention to the fact that the jury must find beyond a reasonable doubt that it was the defendant on trial who had committed the acts as alleged.[3] A review of the instructions given in the present case,[4] indicates that the court instructed the jury in a manner properly focusing attention upon "the fact that it not only had to find beyond a reasonable doubt that the crimes had been committed as charged before the defendant could be convicted, but also that beyond a reasonable doubt it was the defendant on trial who had committed them." [5] We conclude that the defense of mistaken identification was accurately presented to the jury.

It is also urged that the court improperly instructed the jury as to the effect to be given the fact that appellant had forged the endorsement of the money orders in question. The jury was instructed that while the mere forging of an endorsement is not in itself a violation of 18 U.S.C. § 2314, it can be considered in determining whether appellant

---

2. United States v. McCarthy, 301 F.2d 796 (3d Cir. 1962); Jones v. United States, 358 F.2d 383 (8th Cir. 1966).

3. Although no instructions were set forth in *Gregory*, the court based its decision upon the instruction implicitly approved in *Salley*, to wit: "You are instructed that the identity of the defendant as the person who committed the crime is an element of every crime. Therefore, the burden is on the Government to prove beyond a reasonable doubt not only that the crime alleged was committed, but also that the defendant was the one who committed it."

4. The court charged the jury as follows: "The prosecution is, of course, required to establish beyond a reasonable doubt that the defendant is the person who committed the acts charged. In considering the testimony of witnesses who have identified the defendant you will determine their credibility and weigh their testimony in the same way as you do other witnesses who have taken the stand and testified."

5. Gregory v. United States, 125 U.S.App. D.C. 140, 369 F.2d at 190.

was aware of the forged, altered or falsely made nature of the instruments in issue. Appellant cites Pauldino v. United States, 379 F.2d 170 (10th Cir. 1967) and Beatty v. United States, 357 F.2d 19 (10th Cir. 1966), to support the proposition that the existence of a forged endorsement is completely irrelevant to the determination of the accused's knowledge of the fraudulent character of the security.

While it is true that this court declared in Pauldino and Beatty that: "Whether defendant actually endorsed the check is of no significance in establishing the elements of the offense," it does not follow that evidence that the defendant forged the endorsement is of no value whatsoever. Evidence of the forging of an endorsement is of no significance only in the sense that in and of itself it does not constitute a violation of § 2314. Nevertheless, such conduct can be viewed as circumstantial evidence tending, when taken with other evidence, to demonstrate the requisite guilty knowledge.[6] As a result, the instruction correctly reflected the existing state of the law and therefore it was properly given.

In a somewhat similar vein, it is asserted that the evidence was insufficient to establish that appellant had notice of the bogus character of the two money orders he falsely endorsed. It is argued that inasmuch as there was no evidence, other than the forged endorsement, to connect the appellant with the forging of the instruments, there was a failure to establish the existence of a guilty knowledge; having failed to demonstrate knowledge, the Government did not prove an essential element of the case; and the appellant's motion for an acquittal should have been sustained.

In passing upon the sufficiency of the evidence to support a conviction, the evidence, together with all reasonable inferences that can be drawn therefrom, will be viewed in the light most favorable to the prosecution. When it is demonstrated that, viewing the evidence in this context, there was sufficient evidence on each element of the offense from which the jury could find the accused guilty beyond a reasonable doubt, the conviction will be sustained.[7]

The evidence presented here established that the two money orders had been stolen at a time when they were completely blank. Subsequently, these previously blank money orders came into the hands of the appellant. At this time they either were, or had been fraudulently completed and made payable to one John L. Price. Using the name of the fictitious payee, appellant cashed these admittedly forged money orders after presenting numerous identification cards as proof of his being the individual named in the instruments. We would ignore reality if we were to conclude that there was not ample evidence from which the jury could infer, as indeed it did, that the appellant had a sufficient connection with the fraudulently completed money orders to be held to possess the necessary guilty knowledge.

The situation here is quite unlike that presented in Pauldino. There several witnesses testified that the forged security had been introduced in its completed state into a poker game before it was later won by the defendant. This court thus properly concluded that the defendant might well have been unaware that the security was forged. Conversely, in Halfen v. United States, supra, and later in Kreuter v. United States, supra, stolen money orders were falsely endorsed and cashed by the defendants and the convictions were upheld. In Halfen this court deemed the unexplained possession and use of the stolen money orders to be ample support for the con-

---

6. Kreuter v. United States, 376 F.2d 654, 658 (10th Cir. 1967) and Halfen v. United States, 324 F.2d 52, 55 (10th Cir. 1963).

7. Pauldino v. United States, 379 F.2d at 172; Halfen v. United States, 324 F.2d at 55.

viction. Likewise in Kreuter, the uncorroborated explanation was held to be inadequate to overcome the inference arising from the act of falsely endorsing the bogus money orders.

As can readily be seen, the distinction between Halfen and Kreuter on the one hand, and Pauldino on the other, is grounded in the fact that in Pauldino an explanation was offered by the defendant and corroborated by other witnesses. It was thus unreasonable for the jury to infer guilty knowledge from the false endorsement. This was not the situation in Halfen and Kreuter nor is it present in the case at bar. Once the Government established that the defendant falsely endorsed the bogus securities, it was entirely reasonable for the jury to infer guilty knowledge. There being no evidence to the contrary, it therefore remained reasonable for the jury to conclude as it did.

All the other points raised on appeal are patently lacking in merit and no further discussion is warranted.

Affirmed.