UNITED STATES of America, Appellee,

v.

Marshall ALLEN, Appellant.

No. 26914.

United States Court of Appeals, Ninth Circuit.

Aug. 31, 1971.

* Honorable William T. Beeks, United States District Judge for the Western District of Washington, sitting by designation.

Penrod & Himelstein, San Francisco, Cal., for appellant.

Dwayne Keyes, U. S. Atty., Bruce Babcock, Jr., Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY, HUFSTEDLER, and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant appeals from his conviction for violating 18 U.S.C. § 1708 (possession of stolen mail). He contends that the court erred in refusing to give an identification instruction and in admitting certain extrajudicial statements of his witnesses.

Appellant and his two younger brothers Howard and Robert were observed loitering in a bus station. A bus station employee saw Howard take a United States mailbag from a loading platform and put it in an automobile. The employee noted the automobile license number and called the police. The police stopped the car shortly thereafter. Appellant and his brothers were arrested when the police saw the torn mailbag on the floor of the car in which the trio were riding. At the trial, appellant's brothers, testifying on his behalf, said that appellant did not know about the theft or about the presence of the mailbag in the car until just before the car was stopped. The Government called a postal inspector who testified that, during postarrest interrogation, both Robert and Howard said that appellant had helped open the mail.

█ There was no error in refusing to give the requested identification instruction because appellant's identity was never in question. *(E. g.,* McGee v. United States (10th Cir. 1968) 402 F.2d 434, cert. denied (1969) 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220.) The only issue was appellant's knowing possession of the recently stolen mailbag.

█ The admission of the evidence impeaching appellant's brothers by their prior inconsistent statements was proper. Appellant's argument that the statements were admitted as substantive evidence is not supported by the record.

Affirmed.