434

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS RAÚL MORALES ROMERO, Defendant and Appellant.

No. CR-70-75.        Decided February 29, 1972.

*Santos P. Amadeo* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Jorge Ríos Torres, Assistant Solicitor General,* for The People.

MR. JUSTICE MARTÍN delivered the opinion of the Court.

The prosecuting attorney filed a complaint against appellant herein for the offense of grand larceny. He was charged that on May 3, 1969, while Felícita Hernández Estrella was waiting for a change of light at Providencia Street, in Santurce, he took from the automobile she was driving a ladies handbag which contained jewels valued at more than $100 and the amount of three hundred thirty-seven dollars belonging to Mrs. Estrella.

Three days after the events which gave rise to appellant's conviction, and without any information having been filed against him, the prejudiced party identified appellant as the perpetrator of the facts, from among seven or eight photographs which were shown to her. Moments later she personally identified him in a lineup where there were "five or six youngsters."

At the hearing of the case appellant waived his right to be tried by a jury. The court accepted his waiver. The evidence having been presented, the court found defendant guilty and sentenced him to serve an indeterminate sentence of from three to six years in the penitentiary.

## I

The first error assigned is that the judgment rendered is null and void because the defendant did not waive his right to trial by jury in an express and intelligent manner.

The assignment lacks merit. Appellant accepts that the trial judge extensively explained to him the difference between a trial by jury and a trial by the court without a jury. In addition, the judge asked him several questions to make sure of the voluntariness of the waiver.[1]

---

[1] The incident concerning the waiver occurred in the following manner:
"The Defense:

"Let us inform the court that after having talked to the defendant and explaining to him the right to a trial by jury and explaining to him the existent nature of this right, explaining the consequences of a waiver to this right, he has informed me that he wants to waive the right to trial by jury and that he does it freely and spontaneously, taking into consideration the facts of the case.

"Judge:

"Have you heard your counsel tell the court that you wish to waive a right which you have to be tried before a jury?

"Defendant:

"Yes, sir.

"Judge:

"A trial by jury is a trial in which you would be tried by twelve persons of the judicial district of San Juan, who will be chosen by the parties through a. process of questions and answers, asking them about the jurors standing and capacity to act as jurors in the case. After the parties accept those twelve persons, they would be finally sworn in, they sit here in court, constituting a small body of jurors who hear the evidence presented; after the evidence is presented they would be charged about the rules of law which are mandatory for them to decide the case and they would retire to deliberate, and applying the rules of law they would decide whether you are guilty or not guilty. Any verdict reached by the jury should be a verdict in which at least ¾ of them agree. A jury made up of 12 persons, at least nine of them must agree with any verdict they return.

"A trial by the court without a jury is a trial where the judge who presides at the courtroom is the one who is going to judge and determine whether you are guilty or not guilty, taking into consideration all the evidence presented and admitted. The difference between one type of proceeding and the other is that in the trial by jury you have the advantage that The People will have to convince 9 of the 12 jurors beyond reasonable doubt; while in the trial by the court without a jury only one

■ There is no doubt that the waiver of the right to a trial by jury should be made by the defendant voluntarily and intelligently. *People* v. *Juarbe de la Rosa*, 95 P.R.R. 736 (1968). See, also, *People* v. *Delgado Martínez*, 96 P.R.R. 703 (1968); *People* v. *Colón Báez*, 96 P.R.R. 618 (1968). That notwithstanding, our decision in the *Juarbe de la Rosa* case is not applicable to the case at bar. In said case, contrary to the instant case, the record did not contain any element which would allow the trier to determine the intelligence, spontaneity, and voluntariness of the waiver.

■ Appellant assigns that it does not appear from the record that the magistrate asked him about his age, education, and about his mental faculties. Although said particulars

---

person is in charge of deciding the case, that is, the judge who presides at the courtroom.

"These explanations having been made, I ask you whether you agree with what has been said by your counsel, that you waive this constitutional right which you have to a trial by jury.

"A. By the court without a jury.

"Q. What do you say?

"A. The court without a jury.

"Q. Has anybody offered you anything to waive that right?

"A. No.

"Q. Did anybody force you in any manner whatsoever to waive that right?

"A. No, sir.

"Q. Are there any circumstances foreign or extraneous to your own will which may have moved you to waive this right, or is it by your own free will?

"A. By my own free will.

"Q. Is it your counsel's decision, or did you make the decision yourself?

"A. It is my own free will.

"Q. Have you taken the decision yourself?

"A. Yes.

"Q. Did anybody oblige you to waive this right to a trial by jury?

"A. No.

"Q. The court accepts the waiver made by the defendant to have his case heard before a jury, because it understands that it is voluntarily and intelligently made and personally made by him, and consequently, it is ordered that the hearing of this case be continued before the court without a jury. Let the evidence be brought in this case."

may be useful in order to determine whether the waiver is made voluntarily and intelligently, we do not think that they are indispensable to achieve that end. We already said in *People* v. *Llanos Virella*, 97 P.R.R. 91 (1969), that in the absence of circumstances which justify it, the court is not bound to investigate the age, education, and certain background of the defendant.

We understand that the record in the instant case contains sufficient elements of judgment which allowed the trial court to conclude that the same was intelligently, voluntarily, and fully understood.

## II

█ It is assigned that the evidence does not show that the defendant-appellant is guilty of the offense charged against him beyond reasonable doubt.

We do not agree. The victim testified that while she was waiting for the change of light at Providencia Street, she felt that somebody thrust his hand through the right-hand window of the automobile and took the handbag she had at her side. That when she saw defendant's face it became engraved on her memory. That the handbag contained two bracelets, a watch, a ring, two pens, and cash in the amount of $380 which she had collected two days before. That later she went to the police station and advised them of what had happened. That after two or three days she was called to the police station. That there they showed her seven or eight photographs, among which she identified the defendant. Moments later, "from among five or six youngsters" which the police had arrested, she again identified the defendant. She testified that she had no difficulty in identifying the defendant, since his face had been engraved on her memory.

The prosecuting attorney waived the remaining evidence because it was cumulative and he made it available for the defense. The defense used the witness Pedro Manuel Hernán-

dez. This witness, a minor and confined at the time of the trial in the Anexo Miramar para Adultos Jóvenes, testified that he had taken the handbag from Mrs. Estrella's automobile, that when the light changed he took the handbag and ran with it. That the handbag contained several jewels and about $31. That he sold a watch and gave the rest of the jewels to "El Ratón." He also said that he had committed this type of act on other occasions, and that the day of the events he had seen the defendant playing basketball.

The testimony of this witness was impeached by the prosecuting attorney on the basis of a sworn statement given before another prosecuting attorney by the same witness, where the latter assigned the commission of the facts to defendant-appellant. The witness tried to explain these contradictions, claiming that the original statement was induced by the blows that the detectives gave him.

The court, in its inherent function to weigh and settle conflicts in the evidence, chose to believe the testimony of the victim and to reject that of the above-mentioned minor. The testimony of the victim believed by the court is sufficient to find the defendant guilty of the offense charged against him.

## III

The third error assigned is that the judgment rendered in the instant case is void because the defendant-appellant was deprived of his right to legal assistance in the act of identification of the photographs among which appellant's photograph was. This assignment relies on the doctrine of the case of *United States* v. *Wade*, 388 U.S. 218 (1967). This error was not committed either.

The question raised in the *Wade* case, *supra*, in the words of Mr. Justice Brennan, was whether a courtroom identification of an accused at trial is to be excluded from evidence because the accused was exhibited to the witness before trial at a post-indictment lineup conducted for identification pur-

poses, without notice to and in the absence of the accused's appointed counsel.

The Supreme Court of the United States made a study in that case of the right to counsel in the pretrial stages, and it concludes at p. 227, that the case of *Powell* v. *Alabama*, 287 U.S. 45, and succeeding cases[2] dealing with this matter require that any pretrial confrontation of the accused should be scrutinized to determine whether the presence of his counsel is necessary to preserve defendant's basic right to a fair trial. The criterion to determine the need of counsel in pretrial stages is grounded on the actual possibility that a substantial prejudice may be caused to the defendant.

On the basis of the foregoing statements, the Supreme Court of the United States upon examining the facts of the *Wade* case concludes, at p. 236, that the post-indictment lineup to which Wade was submitted gave rise to the possibility of causing prejudice to the defendant, since he was at a critical stage at which he was much entitled to counsel's aid as at the trial itself. There, the identification procedure through the use of photographs was not challenged, but the circumstances under which the defendant was submitted to a lineup confrontation.

In *Simmons* v. *United States*, 390 U.S. 377 (1968), the Supreme Court was faced with an identification procedure through the use of photographs, but the lack of counsel's assistance was not raised in such proceeding, but whether the identification procedure through the use of photographs had been so prejudicial as to nullify his conviction. The court concluded that such contention should be examined in the light of the totality of the circumstances surrounding the identification procedure. See *Stovall* v. *Denno*, 388 U.S. 293 (1967).

---

[2] The Supreme Court refers to the cases of *Massiah* v. *United States*, 377 U.S. 201; *Escobedo* v. *Illinois*, 378 U.S. 478; *Miranda* v. *Arizona*, 384 U.S. 436.

The rule established in *Simmons* was to the effect that the identification at the trial based on a previous identification through the use of photographs will be set aside only if the former identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

■ The Supreme Court of the United States has not decided the question under our consideration, however, the question has been decided by two circuits of the Circuit Court of Appeals in the sense that the doctrine of *Wade* does not apply to the pretrial photographic identification. *United States* v. *Bennett*, 409 F.2d 888 (2d Cir. 1969); *McGee* v. *United States*, 402 F.2d 434 (10th Cir. 1968).

The *Bennett* case, *supra*, as well as the *McGee* case, *supra*, emphasize that the identification through the use of photographs does not involve the confrontation of the defendant with the witness, contrary to what happens when he is faced with a lineup. In the *Bennett* case, *supra* at p. 899, it was held that to require the assistance of counsel in pretrial proceedings where the defendant himself is not present, would press the Sixth Amendment beyond any previous boundary.

To that respect, the *Bennett* case, *supra*, says at p. 899:

"None of the classical analyses of the assistance to be given by counsel, Justice Sutherland's in Powell v. Alabama, 287 U.S. 45, 68–69, 53 S.Ct. 55, 77 L.Ed. 158 (1932), and Justice Black's in Johnson v. Zerbst, *supra*, 304 U.S. at 462–463, 58 S.Ct. 1019, and Gideon v. Wainwright, *supra*, 372 U.S. at 344–345, 83 S.Ct. 792, suggests that counsel must be present when the prosecution is interrogating witnesses in the defendant's absence even when, as here, the defendant is under arrest; counsel is rather to be provided to prevent the defendant himself from falling into traps devised by a lawyer on the other side and to see to it that all available defenses are proffered."

It should be noted that in the *Wade* case, *supra*, the identification takes place after the filing of the information

and after counsel had been appointed. In the case at bar, on the contrary, the information had not even been filed when the identification was undertaken.

■ Without going into the determination of whether the *Wade* case is applicable in this jurisdiction, we conclude, for the reasons previously set forth, that the principle of said case does not extend to the act of pretrial photographic identification.

## IV

The fourth and last error assigned is that "the judgment rendered against the defendant-appellant is null and void because his identification was made in violation of §§ 368, 369, and 370 of the Spanish Law of Criminal Procedure of 1870, which governed in Puerto Rico in its entirety until the Code of Criminal Procedure of 1902 was adopted in Puerto Rico." Appellant argues that said sections are still in effect in Puerto Rico.

In *People* v. *Gómez Incera*, 97 P.R.R. 243 (1969), we discussed the scope of the provisions of the aforesaid Spanish law when we said that until the rules referring to the identification are adopted, it is a sufficient guarantee to follow, *insofar as feasible, in conformance with our procedure*, the provisions of § 369 of the Law of Criminal Procedure for Cuba and Puerto Rico. There we established the rule to follow when we said: ". . . Thus, the recognition or identification shall take place by placing before the person who is to make it, the suspect or accused, producing said person together with other persons of similar external circumstances. In the presence of all of them or from a point where he cannot be seen, according to the determination of the person who is conducting the investigations, the person to make the identification shall state if the person to whom he may have referred in his statements is in the group, and if he is, he shall designate him in a clear and specific manner."

In *Gómez Incera,* besides suggesting some rules which should be followed in the identification procedure, we adopted the basic and fundamental doctrine established in the *Stovall* and *Simmons* cases, *supra,* to the effect that the determination of whether the due process of law has been violated in the identification procedure of a suspect depends on the totality of the circumstances surrounding the identification procedure. In the case at bar, the recognition of the defendant, two or three days after the commission of the offense, from among several photographs presented to the victim, together with the identification which she made of the defendant in a lineup at the police station when an information had not yet been filed against the defendant, gives such certainty to the identification that it excludes any possibility to the effect that the procedure used is tainted in any manner whatsoever that it may constitute a violation of the due process of law. In view thereof, we cannot conclude that the error has been committed.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in this decision.