UNITED STATES of America, Appellee,

v.

Clifford Joseph LITTLEWIND, Appellant.

No. 76–1972.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1977.

Decided March 17, 1977.

Leo Broden, Devils Lake, N. D., for appellant.

Harold O. Bullis, U. S. Atty. and Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before WEBSTER and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

PER CURIAM.

Appellant Clifford Joseph Littlewind, a twenty-year-old Indian, was separately indicted on two counts of rape, in violation of 18 U.S.C. §§ 1153 and 2031. The indictments were consolidated for trial because both offenses were alleged to have occurred within a few hours of each other and in the same general area of the Devils Lake Sioux Indian Reservation. One indictment charged that on or about August 7, 1976, appellant did "willfully, forcibly and with violence overcome the resistance of Volante Littlewind, a female Indian of the age of fourteen (14) years, and did have sexual intercourse with [her]." The other indictment charged appellant with committing the same offense upon Agnes Rebecca Two Hearts, a thirteen-year-old Indian girl.

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

Both girls testified that appellant forced them to have sexual relations with him. Appellant took the stand in his own defense and admitted having sexual intercourse with Miss Two Hearts, but denied that the act was accomplished by the use of force. He denied having sexual relations with Miss Littlewind. The jury acquitted him of the charge of raping Miss Littlewind, but found him guilty of raping Miss Two Hearts. He was sentenced to a term of ten years, or until discharged, under the Youth Corrections Act, 18 U.S.C. § 5010(c). On this appeal he asserts several bases for reversal. After a full review of the record, we affirm the judgment of conviction.

Appellant's main argument on appeal is that the District Court [1] permitted the government to examine the alleged victims by leading questions, thus in essence "forcing" them to testify and denying him a fair trial. He argues the witnesses were unduly influenced to give testimony that corresponded with their prior statements to law enforcement officers rather than testimony that was based on their best recollections.

■ We have reviewed the challenged testimony and conclude the court did not abuse its discretion in permitting the use of leading questions. Fed.R.Evid. 611(c) provides that leading questions should not be used on direct examination of a witness except as may be necessary to develop his or her testimony. The Advisory Committee Notes to Rule 611(c) provide:

The rule continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable. Within this tradition, however, numerous exceptions have achieved recognition: The witness who is hostile, unwilling, or biased; the child witness or the adult with communication problems; * * *. * * * The matter clearly falls within the area of control by the

judge over the mode and order of interrogation and presentation and accordingly is phrased in words of suggestion rather than command.[2]

The alleged victims in this case were both young girls, and each responded hesitantly to the questions put to her. After much encouragement from the court, Volante Littlewind eventually became more responsive. Agnes Rebecca Two Hearts, however, was very reticent in her testimony even after the court told her she was only being asked to tell the truth about what happened to her and reassured her that no one would hurt her for her testimony. Such reticence from a young girl asked to describe such events in a public trial is understandable. We have reviewed the transcript in this case and are satisfied that the government's use of leading questions was not excessive and was necessary under the circumstances. The District Court did not abuse its discretion in its rulings on these examinations. *See United States v. Librach*, 520 F.2d 550, 556 (8th Cir. 1975).

■ Appellant also contends the court erred in denying his motion for judgment of acquittal, made at the end of the government's case. In his brief he asserts that the motion was renewed at the close of all the evidence, but we find no such indication in the record. In any event the contention is without merit. Appellant does not in fact argue that the evidence of rape was insufficient, but instead urges us to ignore the testimony of the victims as "forced." This we decline to do for the reasons stated above. The testimony of Miss Two Hearts that she was forcibly subjected to sexual intercourse by appellant against her will was corroborated by testimony of the doctor who examined her that he observed three tears in the vaginal walls and that "[t]here must have been a considerable

---

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

2. Rule 611(c) is consistent with cases decided prior to its enactment. *See United States v. Bensinger Co.*, 430 F.2d 584, 591 (8th Cir. 1970); *United States v. McGovern*, 499 F.2d 1140, 1142 (1st Cir. 1974); *United States v. Johnson*, 495 F.2d 1097, 1101 (5th Cir. 1974); *Rotolo v. United States*, 404 F.2d 316, 317 (5th Cir. 1970).

amount of force used in order to cause a tear like this." In addition, appellant's own testimony reflects that the act was performed against Miss Two Hearts' will.[3] The court did not err in submitting this case to the jury.

■ Appellant's third contention is that the trial court erred in denying his motion to strike the victims' ages from the indictment and to instruct the jurors that they must totally disregard the offense of statutory rape. He concedes that statutory rape is not a lesser included offense of rape because it contains the element of age. He argues, however, that the jury must have been aware, based on his own testimony, that he had broken the law by having sexual relations with a thirteen-year-old girl. He urges that the jurors "undoubtedly were strongly disposed to find [him] guilty of something."

It is pure conjecture to say the jurors found appellant guilty of rape because they wanted to find him guilty of statutory rape. The court carefully instructed the jury that to find appellant guilty of rape they must find "that the act of sexual intercourse was accomplished by willfully, forcibly and with violence overcoming the resistance of the female victim and without the consent of said victim." They were also instructed on the lesser included offense of assault with intent to commit rape. The court's instruc-

tions accurately informed the jury of the applicable law and were well within the realm of its discretion. *See United States v. Brown,* 540 F.2d 364, 380–81 (8th Cir. 1976); *Jones v. United States,* 358 F.2d 383, 386 (8th Cir. 1966); *Dranow v. United States,* 307 F.2d 545, 568 (8th Cir. 1962); *United States v. Martin,* 507 F.2d 428, 431 (7th Cir. 1974).[4]

Affirmed.

---

3. On direct examination, appellant testified in part as follows:

   Q: Did she ever tell you to stop at any time?
   A: Yeah.
   Q: When?
   A: After I got her pants down.
   Q: Did you have sexual intercourse with Becky Two Hearts?
   A: Yes.
   Q: Did you stop after you had her pants down and she told you to stop?
   A: No.

   On cross-examination he testified,

   Q: And you are saying that you didn't exert any force upon Becky either, is that correct?
   A: No. I did after a certain point.
   Q: All right. What point was that?
   A: After I started probably taking down her pants.
   Q: Is that when she told you not to?
   A: Yes.

   Q: Did she try to push you off?
   A: No.
   Q: Just said, "Don't do it," that's all she said?
   A: Yeah, and that was about all.

4. We also reject appellant's contention that a question sent to the court by the jury during its deliberations indicates that the jury did not follow the District Court's instructions to consider the offense charged in the indictments before considering the lesser included offense, denying him a fair trial. No objection was taken to the trial court's response to the note, and it is mere speculation to say the jury did not follow the original instruction or the written response of the District Court in arriving at a verdict. *See Dunn v. United States,* 284 U.S. 390, 394, 52 S.Ct. 189, 76 L.Ed. 356 (1932); 6A J. Moore, Federal Practice ¶ 59.08[4] (2d Ed. 1974).