**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Jay AUTEN,
Defendant-Appellant.**

**No. 77–5667
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 7, 1978.

Rehearing Denied April 28, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Charles B. Robinson (Court-appointed), Sherman, Tex., for defendant-appellant.

Charles Jay Auten, pro se.

John H. Hannah, Jr., U. S. Atty., T. J. Bayham, Jr., Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Defendant Charles Jay Auten appeals from a conviction of conspiring to negotiate stolen Postal Money Orders, in violation of 18 U.S.C. § 371. Six contentions are presented on appeal, and finding all to be without merit, we affirm.

The first asserted ground of error is that government witness George Eller was improperly allowed to hear the testimony of preceding government witnesses despite defendant's request that he be excluded from the courtroom. Under Fed.R.Evid. 615, witnesses can be excluded so that they cannot hear the testimony of other witnesses. There is, however, an exception for a representative of a party which is not a natural person. The Committee Report on Rule 615 plainly indicates that a government investigative agent such as Inspector Eller is within this exception. See S.Rep.No. 1277, 93d Cong., 2d Sess. 26 (1974), U.S.Code Cong. & Admin.News 1974, p. 7051. Therefore, the district court's refusal to exclude Inspector Eller was correct.

Defendant also contends that prejudicial error resulted from the trial court's erroneous rulings on defendant's objections to the government's examination of several witnesses. It is urged that leading questions were asked of government witnesses Mamie Zable, Cynthia Myers, Debbie Silkwood and Michael Taylor. The control of leading questions is within the discretion of the trial court. *See United States v. Littlewind,* 8 Cir., 1977, 551 F.2d 244, 245; *Rotolo v. United States,* 5 Cir., 1968, 404 F.2d 316, 317. We find no abuse of discretion in this case, nor any real possibility of prejudice.

Defendant's third contention is that the district court improperly commended government counsel for providing Jencks Act materials before rather than after the witness testified. This remark was obviously harmless to defendant. The fourth assertion is that the district court improperly questioned witness Silkwood. A judge is allowed under Fed.R.Evid. 614(b) to interrogate any witness. The district court in this case did not receive hearsay testimony in response to its questions, but rather sought to determine the admissibility of testimony regarding Silkwood's knowledge of certain circumstances of the conspiracy. There was no impropriety. It is also claimed that the inclusion of certain overt acts in the charge to the jury was erroneous. We conclude that all these overt acts were supported by the evidence and were relevant to proving the existence of the conspiracy.

Finally, defendant contends that the district court erred in denying his motion for judgment and acquittal. We find that the evidence was sufficient to support the verdict of guilty. The testimony of two participants, Cynthia Myers and Michael Taylor, plainly established the existence of a conspiracy to steal and use Postal Money Orders, and defendant's role in this conspiracy.

AFFIRMED.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.