UNITED STATES of America,
Plaintiff-Appellee,

v.

Bernard COOPER, Defendant-Appellant.

No. 79–5048

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1979.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Maurice T. Hattier, Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

John Volz, U. S. Atty., Louis Moore, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The defendant-appellant, Bernard Cooper, was convicted by a jury on four counts charging him with heroin-related offenses: conspiracy to distribute heroin hydrochloride and conspiracy to possess with intent to distribute it, in violation of 21 U.S.C. § 846; distribution of heroin in violation of 21 U.S.C. § 841(a)(1); and two separate counts of knowing use of a communication facility to distribute heroin unlawfully in violation of 21 U.S.C. § 843(b). He was sentenced to ten years imprisonment followed by a special parole term of three years on the first two counts, and to four years on each of the others. All of the sentences were to run concurrently with the ten-year sentence on the first count.

I

Having considered the three separate challenges to the constitutionality of the drug conspiracy statute, 21 U.S.C. § 846, we find the statute valid. In permitting the government to bring conspiracy charges in any district where an overt act was alleged to have been committed, the statute is not inconsistent with the Sixth Amendment right of the accused to "trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

There is no allegation that the particular venue chosen here was unrelated to the offense, that another district would have been more appropriate or that the jury chosen to try the case was biased. A conspiracy may be "committed" in the constitutional sense in a number of places, particularly when it continues over a period of time and is pursued by overt acts in a number of places. *Hyde v. United States*, 1912, 225 U.S. 347, 362–63, 32 S.Ct. 793, 800, 56 L.Ed. 1114, 1124. The constitutionality of a statute permitting the prosecution to choose among relevant forums in conspiracy prosecutions has long been upheld under the Sixth Amendment. *Hyde v. United States, supra; Downing v. United States*, 5 Cir. 1965, 348 F.2d 594, *cert. denied* 1965, 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155.

■ The controlled substances conspiracy statute does not place impermissible restrictions on First Amendment freedoms of association and expression. If a course of conduct contains both "speech" and "non-speech" elements, and if Congress has undoubted constitutional power to regulate the non-speech conduct, incidental restrictions on freedom of speech are not constitutionally invalid. *United States v. O'Brien*, 1968, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672. Any incidental restriction here on the freedoms of association and expression is *de minimis* in view of the government's undoubted power to regulate traffic in illicit drugs. *See United States v. Umentum*, E.D.Wis.1975, 401 F.Supp. 746, 749, *aff'd* 7 Cir. 1976, 547 F.2d 987, *cert. denied* 1976, 430 U.S. 983, 97 S.Ct. 1677, 52 L.Ed.2d 376.

■ Section 846 withstands scrutiny under the Fifth Amendment; it adequately informs the public of the criminal potential of the conduct proscribed. Under "common understanding and practices," the statute, by reference, sufficiently apprises all persons of the illegality of any agreement to possess and distribute a totally prohibited drug such as heroin. *Jordan v. De George*, 1951, 341 U.S. 223, 231–2, 71 S.Ct. 703, 708, 95 L.Ed. 886, 892.

## II

■ The evidence was clearly sufficient to support the convictions as to the first two counts; three witnesses identified appellant as the man who brought heroin to 77 Imperial Drive in New Orleans in 1975 for preparation ("cutting") and distribution. One witness testified that he paid appellant $600 for his share of the drug on that occasion. There was also additional testimony supporting these charges. While it is true that these witnesses were accomplices in the instant offenses, any question concerning the credibility of their testimony was for the jury.

■ The convictions for using an interstate communication facility rested on the testimony of one witness that she sent appellant several Western Union money orders, and that some of the money was for heroin. Cooper's intent to violate the statute must be inferred circumstantially from this testimony concerning the arrangements for payment. However, the testimony, construed most favorably to the government, as it must be, suffices if believed by the jury, as it evidently was.

## III

■ Appellant's final contention is that he was denied a fair trial by the prosecution's alleged continual use of leading questions on direct examination. He details some forty-one objections made by his counsel to alleged instances of leading by the prosecution. The control of leading questions is within the discretion of the trial court. *United States v. Auten*, 5 Cir. 1978, 570 F.2d 1284, 1286, *cert. denied* 1978, 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247. That discretion may be abused, of course, for example where the questions asked have the effect of supplying a witness with a "false memory." *United States v. Johnson*, 5 Cir. 1974, 495 F.2d 1097, 1101. We perceive no instances where it is likely that a witness's memory was colored by details supplied by the prosecution, and the appellant identifies none, appearing to object only to the cumulative effect of the method of examination employed by counsel. The questions objected to reveal only a few instances of leading questions related directly to the charged offenses. Most dealt with foundation testimony concerning the witnesses' own transactions. Since the objections were scattered randomly throughout the testimony, there was no implication that appellant, by his counsel's objections, was trying to conceal particular facts. The court should perhaps have intervened more frequently to hold the prosecution to the strait and narrow, but the latitude it afforded counsel in permitting leading questions constituted harmless error at the worst.

For these reasons, the convictions are AFFIRMED.