979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Clyde ROWELL, Appellant.
 No. 91-3165.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 13, 1992.
 
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Clyde Rowell was convicted in the United States District Court for possession with intent to distribute 50 grams or more of crack cocaine, carrying and use of firearms during a drug trafficking crime, receipt and possession as a felon of a firearm that had travelled in interstate commerce, and managing and controlling a building for the purpose of storing or distributing a controlled substance. See 21 U.S.C. { { 841(a), 841(b)(1)(A)(iii); 18 U.S.C. { 924(c); 18 U.S.C. { 922(g); 21 U.S.C. { 856.
 
 
 5
 Rowell appeals, arguing that his conviction should be overturned because the trial judge erred, first by allowing a police officer to testify as to certain inculpatory statements Rowell made while in custody, and second by denying his motion for production of a fingerprint report and disclosure of a confidential informant's identity pursuant to Brady v. Maryland, 373 U.S. 83 (1963). We reject Rowell's arguments and affirm the conviction.
 
 
 6
 * * *
 
 
 7
 Appellant contends that the government's inquiry on redirect examination of a police officer into post-arrest statements appellant made to the officer admitting his involvement in drug trafficking operations exceeded the scope of cross examination. The scope of redirect examination, however, is within the sound discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. United States v. Wiley, 846 F.2d 150, 156 (2d Cir.1988); United States v. Taylor, 599 F.2d 832, 839 (8th Cir.1979); see United States v. Eniola, 893 F.2d 383, 389 (D.C.Cir.1990) (the scope of recross-examination lies within the trial court's discretion). Defendant at least partially "opened the door" to the officer's testimony by selectively inquiring on cross examination into certain aspects of the same post-arrest conversation, and although this was a case in which "the door was opened a little and a lot got through," United States v. Draiman, 784 F.2d 248, 255 (7th Cir.1986), we are unprepared to say that the trial judge abused his discretion in allowing the testimony. See id.
 
 
 8
 Appellant also contends that his post-arrest statements should not have been admitted because they were impermissibly leading, were made without waiver of his Miranda rights, and were "off the record." Because none of these objections was raised at trial, we will reverse the trial judge only on a showing of "plain error." United States v. Frady, 456 U.S. 152, 163 (1982); United States v. McClain, 440 F.2d 241, 245 (D.C.Cir.1971); Fed.R.Crim.P. 52(b). Even assuming that the trial judge's failure to prehibit the officer's testimony in this case was erroneous, the error was not "so 'plain' [that] the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." Frady v. United States, 456 U.S. at 163. Not only did appellant explicitly waive his Miranda rights at the scene of the crime and immediately following his arrest, but also defense counsel was present during the post-arrest conversation, yet failed, then or at trial, to object on the grounds that appellant had not waived these rights. The government thus had no opportunity to sustain its burden of proof on the waiver issue, and the waiver and "off the record" issues were not "so obvious that the judge should have recognized [them] on [his] own." United States v. Blackwell, 649 F.2d 1325, 1341 (D.C.Cir.1982); see United States v. Dorsey, 591 F.2d 922, 933 (D.C.Cir.1978).
 
 
 9
 Moreover, the use of leading questions on direct examination is a matter entirely within the trial court's discretion and does not constitute plain error unless circumstances indicate that the leading questions led the witness to fabricate or improperly color his testimony. United States v. Cooper, 606 F.2d 96, 93 (5th Cir.1979). No such circumstances are present here.
 
 
 10
 * * *
 
 
 11
 Appellant contends that Brady required the district judge to order the government to disclose the identity of a confidential informant whose reports were used as the basis for the search warrant for appellant's apartment and to produce the results of fingerprint tests allegedly conducted on items found in the apartment at the time of the arrest, such as crack-filled plastic baggies.
 
 
 12
 The identity of the government informant in this case is not information whose disclosure Brady requires. This Court has firmly established that the controlling Supreme Court case on this question, Roviaro v. United States, 353 U.S. 53 (1957), does not require disclosure of an informant "who was not an actual participant in or a witness to the offense charged." United States v. Skeens, 449 F.2d 1066, 1070, 1071 (D.C.Cir.1971) (listing cases); see, e.g., United States v. Bell, 506 F.2d 207, 217 (D.C.Cir.1974). Here, "the informer was an informer and nothing more," Miller v. United States, 273 F.2d 279, 281 (5th Cir.1959), cert. denied, 362 U.S. 928 (1960).
 
 
 13
 The judge's refusal to order production of the fingerprint report presents a closer question. Contrary to the assertions of the government, the record does not demonstrate that the government "never had in its possession" a possibly-exculpatory fingerprint examination report. Rather, the record indicates only that Detective Shirk did not know of the existence of any such report and failed to take affirmative steps to determine whether such a report existed. Such inaction does not satisfy the government's Brady obligations. See United States v. Brooks, 966 F.2d 1500 (D.C.Cir.1992). In Brooks we held that the prosecution has an affirmative duty to investigate sources of exculpatory information that may be in the possession of the government, at least when "there is an explicit request for an apparently very easy examination, and a non-trivial prospect that the examination might yield material exculpatory information." Id. at 1504.
 
 
 14
 Here the government's failure to investigate does not violate Brady because of the defense's complete inability to establish the materiality of the requested evidence. See Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987) (requiring prosecution to disclose evidence that is "both favorable to the accused and material to guilt or punishment.") Evidence is "material" only if it creates a probability of acquittal sufficient to undermine our confidence in the actual outcome. See Id. at 57; United States v. Tarantino, 846 F.2d 1384, 1417 (D.C.Cir.), cert. denied, 488 U.S. 840 (1988). Even had a fingerprint report shown that none of the fingerprints on the baggies were appellant's, we do not believe that such evidence would have created a "sufficient probability" of acquittal. See Tarantino, 846 F.2d at 1417. The government's theory was that Jamaicans were running the narcotics operation with appellant's aid and consent. Appellant's post-arrest inculpatory statements, see supra, serve as uncontradicted evidence of appellant's consent and personal involvement in the narcotics operations and preclude any reasonable probability that the jury might have acquitted appellant on any of the charges.