9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tim RECTOR, Samuel Paiz, Douglas Rector and Ron Rector
Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 92-3530, 92-3619, 92-3833, 92-3620, 92-3531, 92-3534.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.*
Decided Oct. 14, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This consolidated appeal concerns the district courts' denial of collateral relief to Tim Rector, Samuel Paiz, Douglas Rector and Ron Rector, who were convicted of various federal narcotics offenses and, in the case of Paiz, a federal firearms offense. In post-trial motions, the appellants raise several frivolous challenges to the jurisdiction of the federal district courts in which they were convicted. We affirm.
 
 I. BACKGROUND
 
 2
 Tim Rector, Samuel Paiz and Douglas Rector were each found guilty after a jury trial of conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846. Samuel Paiz was also found guilty of five counts of possession with intent to distribute marijuana, 21 U.S.C. Sec. 841(a)(1), as was Tim Rector. In addition to the conspiracy conviction, Douglas Rector was found guilty of seven counts of possession with intent to distribute marijuana, and four counts of travel in interstate commerce to facilitate the unlawful distribution of marijuana, 18 U.S.C. Sec. 1952(a)(3). Ron Rector pleaded guilty to one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848, and did not file a direct appeal of his conviction. The convictions of Paiz, Tim Rector and Douglas Rector were affirmed on direct appeal. United States v. Paiz, 905 F.2d 1014 (7th Cir.1990), cert. denied, 111 S.Ct. 1319 (1991). In a separate case, Paiz was found guilty after a jury trial of knowingly making false statements to a firearms dealer in order to obtain firearms, in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a). This conviction was also affirmed on direct appeal. United States v. Paiz, No. 89-2301 (7th Cir. Feb. 28, 1990) (unpublished order).
 
 
 3
 The appellants filed a total of six separate motions before two district courts raising various jurisdictional challenges to their convictions. The district courts treated these motions as motions to vacate a sentence under 28 U.S.C. Sec. 2255, and denied them. The appellants' timely appeals were consolidated.
 
 II. ANALYSIS
 
 4
 Under 28 U.S.C. Sec. 2255, "the sentencing court is authorized to discharge or resentence a defendant if it concludes that it 'was without jurisdiction to impose such sentence.' " United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Sec. 2255). The appellants accordingly attempt to have their sentences vacated by raising several jurisdictional challenges to their convictions, which we shall consider in turn.
 
 
 5
 Paiz challenges the personal jurisdiction of the district court on the grounds that he was "kidnapped" by agents of the Drug Enforcement Agency in violation of his Fourth Amendment rights, that he is not a "person" for purposes of the statutes under which he was convicted, and that the record reveals no waiver of this ground of challenge to his conviction. Because Paiz failed to raise a Fourth Amendment claim at trial or on direct appeal from either of his convictions, and has not demonstrated cause and prejudice excusing his default, that ground for relief is now foreclosed.[1] Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Paiz's argument that the statutes under which he was convicted do not regulate "natural persons" is rejected as being both untimely under Fed.R.Crim.P. 12(b)(1), cf. United States v. Chambers, 944 F.2d 1253, 1259-60 (6th Cir.1991) (challenge to court's personal jurisdiction is subject to waiver), cert. denied, 112 S.Ct. 1217 (1992), and patently frivolous. See United States v. Masat, 948 F.2d 923, 934 (5th Cir.1991), cert. denied, 113 S.Ct. 108 (1992); United States v. Schmitt, 784 F.2d 880, 882 (8th Cir.1986).
 
 
 6
 Each of the appellants also challenges the subject matter jurisdiction and the "territorial" jurisdiction of the district courts in which they were convicted. The subject matter jurisdiction of the district courts over offenses against laws of the United States is established by federal statute. See 18 U.S.C. Sec. 3231. Moreover, the statutes under which the appellants were convicted have long been held to be constitutional,[2] and the crimes with which they were charged took place in Indiana. Any challenge to the "territorial" jurisdiction of the district courts is therefore frivolous as well. See, e.g., United States v. Jones, 983 F.2d 1425, 1428 & n. 6 (7th Cir.1993); 18 U.S.C. Sec. 5.
 
 
 7
 The district courts' denial of appellants' motions for collateral relief is accordingly
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioners have filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 We note, moreover, that there is no Fourth Amendment exclusionary rule "for the body of the defendant," Matta-Ballesteros v. Henman, 896 F.2d 255, 262-63 (7th Cir.) (citations omitted), cert. denied, 498 U.S. 878 (1990), that would deprive a district court of personal jurisdiction over the defendant in a criminal case, as Paiz attempts to demonstrate
 
 
 [2]
 See Huddleston v. United States, 415 U.S. 814, 833 (1974) (constitutionality of 18 U.S.C. Secs. 922(a)(6), 924(a)); United States v. Gaertner, 583 F.2d 308, 312 (7th Cir.1978) (per curiam ) (constitutionality of 21 U.S.C. Sec. 841), cert. denied, 440 U.S. 918 (1979); United States v. Lookretis, 422 F.2d 647, 651 (7th Cir.) (constitutionality of 18 U.S.C. Sec. 1952) (collecting cases), cert. denied, 398 U.S. 904 (1970); United States v. Cooper, 606 F.2d 96. 97-98 (5th Cir.1979) (per curiam ) (constitutionality of 21 U.S.C. Sec. 846), cert. denied, 444 U.S. 1024 (1980); United States v. Sperling, 506 F.2d 1323, 1343 (2d Cir.1974) (constitutionality of 21 U.S.C. Sec. 848), cert. denied, 421 U.S. 949 (1975)