JiKLEES, Judge.
On April 26,1990 the appellant was arrested and charged with possession of cocaine. On May 27, 1993, a jury found him guilty of the lesser charge of attempted possession. On August 12, 1993, following a pre-sentence investigation, the appellant was sentence to thirty months at hard labor, suspended, and five years active probation. He now appeals. FACTS
On April 26, 1990, at about 7:20 in the evening, Officer Tyronne Martin was on routine patrol in the area of Pauger and North Villere Streets. Martin was wearing plain clothes and driving an unmarked black Ford Taurus. He was driving on North Villere when he noticed the defendant turn off of Pauger Street onto North Villere walking toward him. The defendant had a beer can in his right hand. When the defendant noticed Martin, he threw down something with his left hand, which appeared to Martin to be a rock of crack cocaine.
Officer Martin detained the defendant by grabbing him by the back of his pants with one hand. With the other hand, Martin retrieved the rock. He then placed the defendant under arrest and read him his rights. Because Martin was working alone, he called another unit to transport the defendant to the police station. The defense stipulated that Officer Paul Wertz would testify that the substance placed into evidence by Officer Martin in this case tested positive for cocaine.

PATENT ERROR REVIEW

A review of the record for patent errors reveals that the motion for appeal was filed into the record on June 16, 1993, well before the appellant was sentenced on August 12, 1993. A defendant may only appeal from a final judgment of conviction in which a sentence has been imposed. However, where an appeal is granted prior to sentencing, it will not be dismissed because that would simply result in the delay of the appeal process. State v. Elijah Brooks, 633 So.2d 816 (La.App. 4th Cir.1994); State v. Martin, 12483 So.2d 1223 (La.App. 4th Cir.1986). In this ease, there is no minute entry on the granting of the appeal. The sentencing minute entry indicates that defendant, through his attorney, waived the motion for appeal. The trial judge signed, but failed to date, the order of appeal. It thus cannot be determined if the appeal was granted before or after the sentencing. In any event, the error is harmless and the appeal need not be dismissed. There were no other patent errors.'

ASSIGNMENT ONE

The appellant argues that the trial court erred in failing to grant a mistrial when the district attorney, during closing argument, twice made prejudicial remarks. C.Cr.P. art. 770 provides for a mandatory mistrial, upon a motion by the defense, when the judge, district attorney or other court official refers to race, religion, color or national origin, when *1238 such remark is immaterial and irrelevant and might create prejudice in the mind of the jury; another crime allegedly committed by the defendant as to which evidence is inadmissible; the failure of the defendant to testify in his own defense; or the refusal of the judge to direct a verdict. C.Cr.P. art. 771 provides in pertinent part that, upon the request of the defendant, the court shall admonish the jury to disregard a remark or comment by the prosecutor which is irrelevant or immaterial and of such a nature that it might create prejudice, but is not within the scope of Article 770. On motion of the defendant, should the court determine that an admonition is insufficient, a mistrial may be granted to assure the defendant a fair trial.
In the instant case, in response to the defense argument that the testimony of a single officer acting alone was uncorroborated and insufficient to find the defendant guilty, the prosecutor made the following remark in his rebuttal:
Now, everyone in the City likes to come out and complain that there aren’t enough police officer[s] and it’s too dangerous and everyone is getting hurt, and they can’t stop the drug trade.
Well, I submit to you, we have one police unit, one police officer, and they’re trying to spread out the few police officers that we have to protect everyone. But [if] you buy Mr. Linder’s argument, one police officer isn’t enough to convict everyone. So what are we doing? Do we just let drugs run rampant in the City and everyone get killed and die?
1 aDefense counsel objected that the argument was prejudicial, but the objection was overruled.
Defense counsel also argued that, had the defendant possessed a rock of cocaine and recognized a police officer, he would have swallowed the rock rather than drop it. Defense counsel argued that Officer Martin’s testimony was incredible. To this argument, the prosecutor responded that the defendant did not put the cocaine in his mouth because it would have been more noticeable than to drop it to the ground and because the officer might then choke it out of him or take him to the hospital and have his stomach pumped. The prosecutor further responded:
But I want you to remember, why didn’t he stick it in his mouth? Because they’re going to see. Why would a 12-year police veteran with family and kids, risk his career over one rock? He didn’t. He’s protecting you and me from the killing, dying — crack cocaine in this City.
The trial court sustained the defense objection that the above remarks were prejudicial. Immediately afterward, the prosecutor resumed his rebuttal argument. The defense neither requested an admonition nor moved for a mistrial.
The remarks made by the prosecutor do not fall within the ambit of Art. 770, the mandatory mistrial article. The prosecutor’s remarks, standing alone, appear to appeal strictly to the emotions of the jury and to be beyond the scope of the evidence. However, in the context of the rebuttal, the prosecutor made a reasonable argument relative to effective use of the police by permitting an officer to act alone without impugning his credibility without cause.
Comments by the prosecutor which refer to matters outside the evidence presented at trial are improper. State v. Major, 575 So.2d 955 (La.App. 4th Cir.1991). However, a verdict will not be overturned on the basis of improper argument unless the reviewing court is thoroughly convinced that the jury was influenced by the remarks and that the remarks contributed to the verdict. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Major, supra.
Considering the context of the prosecutor’s remarks, they are only marginally outside the scope of proper rebuttal, if at all. Further, even if the remarks were improper for being outside the scope of the evidence, considering the credible and unrefuted testimony of the uofficer, it is unlikely that the jury was influenced by the remarks or that the remarks contributed to the verdict. This assignment has no merit.

*1239
ASSIGNMENT TWO

The appellant here argues that the trial court erred by its imposition of an excessive sentence. The defendant has failed to preserve this issue for appeal because he did not file a motion to reconsider the sentence according to C.Cr.P. art. 881.1. Section D of that article provides:
Failure to make or file a motion to reconsider sentence or to include a' specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
State v. Johnson, 622 So.2d 845 (La.App. 4th Cir.1993); State v. Lee, 618 So.2d 551 (La.App. 4th Cir.1993), writ den., 624 So.2d 1222 (La.1993); State v. Hudson, 618 So.2d 539 (La.App. 4th Cir.1993), writs den., 623 So.2d 1334 (La.1993). This assignment is without merit.
Accordingly, for the above reasons the conviction and sentence of defendant Sylvester Johnson are hereby affirmed.

AFFIRMED.

JONES, J., concurs.