IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-KA-01299-SCT

*SANDRA MORGAN a/k/a SANDRA L. MORGAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/1999 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT WENDELL JAMES |
| | ANTHONY J. BUCKLEY |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY | EDDIE BOWEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/06/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/27/2001 |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In this appeal from a felony DUI, third offense conviction, we are asked to reverse because the prosecutor used leading questions to which no objection was lodged. We conclude that to the extent that there were in fact leading questions no fundamental right was affected. We, therefore, affirm.

**I.**

¶2. On June 26, 1998, Sandra Morgan (Morgan) was caught driving in an erratic manner on Highway 18 in Jasper County by Officer McCullough of Bay Springs, Mississippi. When pulled over, Morgan, dazed and slurring her speech, presented the officer with an invalid driver's license and stumbled as she stepped out of the car, grabbing the car door to regain her balance. After performing a field sobriety test, Officer McCullough took Morgan to the sheriff's office where an intoxilyzer test was performed Morgan tested at .228 on the intoxilyzer, well above the statutory limit for blood alcohol content.

¶3. Having been twice previously convicted of DUI in the Municipal Court of Laurel, Mississippi, Morgan was indicted for the crime of a felony DUI, 3rd offense in violation of Miss. Code Ann. § 63-11-30(2)(c) (Supp. 1996),[1] in the Circuit Court of the Second Judicial District of Jasper County, Mississippi. At trial, the prosecutor on direct asked Officer McCullough a series of questions regarding the circumstances of Morgan's arrest. McCullough was asked whether the intoxilyzer test was performed according to a required checklist and whether Morgan had remained in his custody for the required twenty minutes prior to the testing, to which he answered "yes."

¶4. The defense called just one witness during its case in chief, Morgan's father, who was a passenger in the car that Morgan was driving at the time of arrest. He testified that Morgan was driving normally on the day she was stopped. He further testified that Morgan had been taking medication for medical problems. Het did not, however, know what her illness was or the type of medication she was taking.

¶5. Morgan argued, nevertheless, that the medication accounted for the high intoxilyzer test results. The jury returned a verdict of guilty, and Morgan was convicted of felony DUI, 3rd offense in violation of Miss. Code Ann. § 63-11-30(2)(c). She was sentenced to 18 months in the custody of the Mississippi Department of Corrections and ordered to pay a $1,000 fine and all costs. Morgan perfected this appeal in a timely manner.

## II.

¶6. A defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. *Foster v. State,* 639 So. 2d 1236, 1288-89 (Miss. 1994). This Court applies the plain error rule only when a defendant's substantive rights are affected. *Grubbs v. State*, 584 So. 2d 786, 789 (Miss. 1991).

¶7. Morgan's only assignment of error centers around the State's manner of questioning Officer McCullough on direct examination. A total of nine pages of leading questions, Morgan argues, was asked of the arresting officer to which he answered either yes or no. Specifically identifying only two for our consideration, Morgan charges the prosecutor's questions ranged from:"When you got to the Jasper County Sheriff's office, did you make an attempt to take a sample of her breath by using a machine called an intoxilyzer?" to, "She was in your custody and control and you observed her, was it 20 minutes before the test was administered?"

¶8. No objections were made regarding the questions by Morgan's counsel at trial, and her appellate counsel proposes that this Court reverse under the plain error rule so the case can be remanded and re-tried without leading questions. Other than citing Miss. R. Evid. 611,[2] however, Morgan cites no other authority nor makes any argument in her brief in support. This Court is not bound to address assertions of error where a party fails to cite authority in support of their argument. *Nicholson ex rel. Gollott v. State*, 672 So. 2d 744 (Miss. 1996). Notwithstanding that failure here, we review the claim.

¶9. The plain error rule is codified in Miss. R. Evid. 103(d). It provides that nothing precludes the Court from taking notice of plain errors affecting the substantial rights of a defendant, even though they were not brought to the attention of the trial court. If a party persuades the court of the substantial injustice that would occur if the rule were not invoked, the court may invoke the rule. *See Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir.1975). "Only an error so fundamental that it generates a miscarriage of justice rises to the level of plain error," however. *Gray v. State,* 549 So. 2d 1316, 1321 (Miss. 1989); *Kuehne & Nagel (AG& Co) v. Geosource, Inc.*, 874 F.2d 283, 292 (5th Cir. 1989).

¶10. This Court has never decided whether leading questions may amount to plain error. Other courts consider whether the "questions have the effect of supplying a witness with a "false memory," *United States v. Cooper*, 606 F. 2d 96 (5th Cir. 1979); whether they lead the witness to fabricate or improperly color his or her testimony; *United States v. Rowell*, 979 F.2d 248 (D.C. Cir. 1992); whether the testimony has the "patent, substantial and adverse impact on the integrity of the trial," *State v. Antritt*, 1989 WL 35034 (Ohio Ct. App. 1989); and whether the questions, although error, are so fundamental that the

defendant was denied a fair trial. *People v. Hall*, 743 N.E.2d 521 (Ill. 2000).

¶11. After reviewing the testimony at issue here, we find nothing which warrants a finding of plain error. Indeed, other than the two questions specifically identified by Morgan, which we agree were leading, the examination contains few leading questions, much less with questions which would arise to level of plain error. Even assuming arguendo there was error, therefore, it was not plain error. *See Broadnax v. State*, 2000 WL 869510 (Ala. Crim. App. 2000) (prosecutor's asking of leading questions in guilt phase of capital murder prosecution was not plain error, where objectionable questions mainly elicited foundation information and did not result in introduction of inadmissible evidence); *People v. Ramey,* 603 N.E. 2d 519, 531-32 (Ill. 1992) (prosecutor's leading questions of prosecution witness, which defendant argued amounted to unsworn testimony, did not amount to plain error where evidence was not closely balanced and the alleged error was not so fundamental and prejudicial that the defendant was denied a fair trial); *People v. Kopczick,* 728 N.E. 2d 107, 112 (Ill. App. Ct. 2000) (error in allowing prosecutor's leading questions of sex abuse victim regarding offenses which took place after she turned 13 did not rise to the level of plain error, where that testimony was merely cumulative of properly presented evidence).

¶12. Morgan, furthermore, does not allege nor do we find that she was denied a fundamental right by the prosecutor's questions. The cumulative evidence presented-- Morgan's stumbling, dazed look, slurred speech, and loss of balance, coupled with the field sobriety test performed by the arresting officer, his attempt to get Morgan to do a "heel-to-toe" walk, and the .228 tested blood alcohol content -- is not so closely balanced that the prosecutor's leading questions denied her a fair trial. Although her father testified that she was on medication, he could not identify her illness or the medication, nor did he actually see her take it on the day in question. Equally detrimental to Morgan's defense was the testimony of the second officer that the medication would have had to contain a large amount of alcohol to raise Morgan's blood alcohol content to the level tested on the intoxilyzer. The alcohol content of the medication was also not in evidence.

## III.

¶13. For these reasons, the claim of error is without merit, and the judgment is, therefore, affirmed.

¶14. **CONVICTION OF FELONY DUI, THIRD OFFENSE AND SENTENCE OF EIGHTEEN MONTHS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $1,000 AND ALL COSTS, AFFIRMED.**

> **PITTMAN, C.J., McRAE, P.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**

1. Miss. Code Ann. § 63-11-30(2) (c) provides in part:

> Except as otherwise provided in subsection (3), for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00), shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary. . . .

2. Miss. R. Evid. 611(c) provides in pertinent part that "leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony."