United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60648
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIN DWAYNE DURANT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:02-CR-15-1-WS
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darin Dwayne Durant ("Durant"), a Choctaw Indian, appeals his conviction and sentence for abusive sexual conduct of a minor female Indian while on lands within the confines of the Pearl River Community of the Choctaw Indian reservations in the Indian Country. Durant was sentenced to 24 months of imprisonment. He argues that the evidence was insufficient to convict him because the testimony of the victim and her sister was unbelievable. He further contends that the district court abused its discretion in allowing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecutor to ask the victim leading questions on direct examination. Durant also asserts that his sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005).

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found Durant guilty of the offense charged. United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). The victim's testimony was corroborated by her sister, who testified that she observed Durant touch the victim's breasts and "private parts." The jury is solely responsible for determining the weight and credibility of the evidence. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). Additionally, in light of the victim's age and circumstances of the crime, the district court did not abuse its discretion by allowing the prosecutor to ask leading questions on direct examination. See United States v. Cooper, 606 F.2d 96, 98 (5th Cir. 1979). Accordingly, Durant's conviction is AFFIRMED.

However, Durant's sentence is VACATED and REMANDED for resentencing in light of Booker. Durant's sentence was enhanced two levels, pursuant to U.S.S.G. § 2A3.4(b)(3), based on the district court's finding that "the victim was in the custody, care, or supervisory control of the defendant." Durant's sentence was also enhanced two levels based on the district court's finding that he obstructed justice. At sentencing, Durant objected to the enhancements, arguing that the facts used to support the

enhancements were not submitted to a jury or admitted by him. He thus contended that the enhancements violated the Sixth Amendment.

Booker held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. Booker applies to Durant's case. Id. at 769. As the Government acknowledges, resentencing is appropriate in Durant's case because the record does not indicate that the district court would have imposed the same sentence under an advisory regime. See United States v. Akpan, ___ F.3d ___, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. April 14, 2005). Thus, Durant's sentence is VACATED and the case is REMANDED for resentencing.

AFFIRMED IN PART, VACATED IN PART, REMANDED FOR RESENTENCING.